# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class ADOLFO ARIAS, JR.**
**United States Army, Appellant**

ARMY 20100973

Headquarters, V Corps
Wendy P. Daknis, Military Judge
Lieutenant Colonel Matthew M. Miller, Acting Staff Judge Advocate (pretrial & recommendation)
Colonel Mark D. Maxwell, Staff Judge Advocate (addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Major Amber J. Roach, JA; Major LaJohnne A. White, JA; Captain Frank E. Kostik Jr., JA (on brief).

12 February 2013

----------------------------------
OPINION OF THE COURT
----------------------------------

ALDYKIEWICZ, Judge:

A military judge, sitting as a general court-martial, convicted appellant pursuant to his pleas of possession and distribution of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority disapproved the adjudged forfeitures and approved the remainder of appellant's adjudged sentence.[1]

---

[1] The convening authority deferred both adjudged and automatic forfeitures from their effective date, 21 December 2010, until action, 12 August 2011, at which time

(continued . . .)

This case is now before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error: (1) that the staff judge advocate (SJA) erred when he advised the convening authority that "[c]ounsel for the accused does not allege any legal error" despite defense counsel's post-trial submission alleging appellant was denied his right to post-trial due process as articulated in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006); and (2) appellant was prejudiced by the government's dilatory post-trial processing of his case thus warranting relief. We agree the SJA erred, however, no relief is warranted as appellant suffered no prejudice from the error. Appellant's second assignment of error likewise warrants no relief.

## I. BACKGROUND

Appellant's general court-martial adjourned on 7 December 2010 (Day 1). On 14 December 2010 (Day 8), appellant's defense counsel submitted a request for deferment of forfeitures, reduction in rank, and confinement, asking that the convening authority defer all three punishments until action. On 20 December 2010 (Day 14), the convening authority deferred, effective 21 December 2010, both adjudged and automatic forfeitures until action but disapproved the requested deferment of reduction in rank and confinement. On 4 March 2011 (Day 88) and 9 March 2011 (Day 93), trial counsel and appellant's defense counsel respectively completed their review of the 200-page, unauthenticated verbatim record of trial. On 31 March 2011 (Day 115), the record was received by the military judge for her authentication in accordance with Rule for Courts-Martial [hereinafter R.C.M.] 1104(a)(2)(A). On 9 June 2011 (Day 185), the military judge authenticated the record.[2] On 13 June 2011 (Day 189), the SJA completed his required post-trial recommendation (SJAR). *See* R.C.M. 1106.

On 21 June 2011 (Day 197), the authenticated record of trial was mailed from Europe to Fort Leavenworth, Kansas, where appellant was serving his confinement. Appellant's record arrived at Fort Leavenworth on 5 July 2011 (Day 211) and was

---

(. . . continued)
he disapproved the adjudged forfeitures and waived the Article 58b, UCMJ, automatic forfeitures for six months for the benefit of appellant's dependents.

[2] The military judge, upon authentication, provided a detailed summary of her travel and docket, noting she was in court on six other cases and authenticating three other records in the 70 days between receipt and authentication of appellant's record.

served on appellant that same day.[3]  The next day, 6 July 2011 (Day 212), appellant's defense counsel acknowledged appellant received the record the day prior and requested an additional 20 days to submit post-trial clemency matters.[4] *See* R.C.M. 1105(c)(1).  On 12 July 2011 (Day 218), the SJA approved the 20-day extension, resulting in a revised post-trial submission due date of 4 August 2011 (Day 241).

On 4 August 2011 (Day 241), appellant's defense counsel submitted both a request for waiver of forfeitures[5] as well as a rather extensive post-trial submission packet that included a three-page defense counsel memorandum.  Paragraph Four of the defense counsel's memorandum is captioned, in all capitals and in bolded font: "**UNTIMELY POST-TRIAL PROCESSING AND SERVICE OF THE RECORD OF TRIAL AND STAFF JUDGE ADVOCATE'S RECOMMENDATION**."  Sub-paragraph c. thereunder states:  "SFC Arias was not served a copy of the authenticated ROT [record of trial] until on or about 12 July 2011, over *217 days* after trial.  This enormous and unreasonable delay of service has effectively denied SFC Arias is [sic] post-trial due process rights."[6]  Sub-paragraphs d. and e. cite to

---

[3] The record establishes appellant was served his authenticated record of trial on 5 July 2011 but is silent with regards to service of the SJAR.  We presume regularity and compliance with the service requirements of R.C.M. 1106(f)(1) as lack of service of the SJAR was not raised as an issue either during the post-trial processing of appellant's case or before this court on appeal.

[4] The written request stated, in part, that additional time was needed to: "pull together documents and letters of support for PV1 Arias"; "address an important loss of retirement pay and benefits issue"; and "provide PV1 Arias and defense counsel with adequate time to prepare a fully documented clemency request."

[5] The waiver request sought waiver of both automatic and adjudged forfeitures, a request which the convening authority granted at action; however, we note that a convening authority lacks authority to waive adjudged forfeitures.  *See* R.C.M. 1101(d)(1); UCMJ art. 58b(b).  Because the convening authority's action disapproved the adjudged forfeitures in their entirety, his intent to send monies to appellant's dependents was effectuated because there were no adjudged forfeitures in place and the automatic forfeitures were waived.

[6] The defense counsel's R.C.M. 1105 memorandum reflects service of the record of trial on appellant occurring on 12 July 2011.  However, the defense counsel's memorandum requesting a 20-day delay to submit R.C.M. 1105 matters reflects a service date of 5 July 2011.  For purposes of our analysis, 5 July 2011 was used as

(continued . . .)

ARIAS—ARMY 20100973

*United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and *Barker v. Wingo*, 407 U.S. 514 (1972), respectively, and sub-paragraph f. discusses the potential remedies upon finding a denial of "speedy post-trial [processing]." Paragraphs Five and Six go on to reiterate that appellant was denied post-trial "due process."

On 12 August 2011 (Day 249), the SJA completed his addendum to the SJAR. After summarizing the relief requested by appellant in his post-trial submission, the SJA stated: "Counsel for the accused does not allege any legal error." That same day, the convening authority took action in the case. On 26 September 2011 (Day 294), appellant's record of trial was received by this court.

## II. LAW AND DISCUSSION

### A. *Allegation of Moreno Delay Constitutes Allegation of Legal Error*

As noted above, appellant complained about unreasonable post-trial delay in his post-trial matters, claiming the delay violated his post-trial due process rights, and citing to *Moreno* and *Barker*. In his addendum to the SJAR, the SJA noted, "Counsel for the accused does not allege any legal error." Appellant alleges, and the government concedes, the above advice was erroneous. We agree.

"[I]t is well-settled that not every submission requires an addendum to the SJAR. R.C.M. 1106(f)(7)." *United States v. Hutchison*, 56 M.J. 756, 758–59 (Army Ct. Crim. App. 2002). However, when the post-trial submission raises an allegation of legal error, the SJA "shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken." R.C.M. 1106(d)(4). "The response may consist of a statement of agreement or disagreement with the matter raised by the accused." *Id*.

"Due process entitles convicted servicemembers to a timely review and appeal of court-martial convictions." *Moreno*, 63 M.J. at 132 (citing *Toohey v. United States*, 60 M.J. 100, 101 (C.A.A.F. 2004)). Post-*Moreno*, the timeliness of post-trial processing focuses on three distinct phases of the process: the time from completion of the trial until initial action (Phase I); the time between initial action on the case and docketing of the record of trial by the service Court of Criminal Appeals (CCA) (Phase II); and the time from docketing of the record of trial until completion of appellate review and rendering of a decision by the CCA (Phase III). *Moreno*, 63 M.J. at 142. The *Moreno* Court established post-trial processing standards for all

(. . . continued)
the service date; however, our conclusions would be unchanged were we to use 12 July 2011.

three phases which, if exceeded, result in presumptively unreasonable post-trial delay: Phase I—120 days; Phase II—30 days; and Phase III—18 months. *Id.* Whether the post-trial processing rises to the level of a due process violation, however, hinges on application and analysis of the four factors articulated in *Barker v. Wingo*: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice," with no one factor being dispositive. *Moreno*, 63 M.J. at 135–136. In assessing the fourth factor of prejudice, the *Moreno* Court cited to three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Id.* at 138–39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)). "[T]he appropriate test for the military justice system is to require an appellant to show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 140.

"[T]he presumptions [of unreasonable delay] serve to trigger the four-part *Barker* analysis—not resolve it. The Government can rebut the presumption by showing the delay was not unreasonable." *Id.* at 142. At the close of its opinion, the *Moreno* Court noted: "We expect convening authorities, reviewing authorities and the Courts of Criminal Appeals to document reasons for delay and to exercise the institutional vigilance that was absent in Moreno's case." *Id.* at 143.

At issue in appellant's case is whether an allegation of dilatory post-trial processing implicating *Moreno* and *Barker* amounts to an allegation of legal error requiring, at a minimum: (1) agreement or disagreement by the SJA, and (2) a statement on whether corrective action is required. We hold that it does. The substance of the post-trial submission and not the label, title, or characterization given any allegation contained therein should guide the SJA in his or her R.C.M. 1106(d)(4) decision. Staff judge advocates are reminded of this court's guidance that:

> [w]hen evaluating a clemency submission for "legal error," a SJA must look at the substance of the submission, rather than limiting rebuttal comments to items expressly alleged as "legal error." When in doubt as to whether "legal error" is raised, a prudent SJA will treat an assertion as legal error and comment as required by R.C.M. 1106(d)(4).

5

*United States v. Zimmer*, 56 M.J. 869, 874 (Army Ct. Crim. App. 2002). In appellant's case, the SJA's failure to note the allegation of error and to comment in accordance with R.C.M. 1106(d)(4) constitutes error.[7]

### B. *Failure to Comment on Legal Error*

Ordinarily, "failure by the staff judge advocate to respond to an allegation of legal error . . . requires remand to the convening authority for comment by the staff judge advocate." *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988). However, we are "free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the staff judge advocate or to corrective action by the convening authority." *Id*.; *United States v. Welker*, 44 M.J. 85, 89 (C.A.A.F. 1996). We find appellant's allegation of legal error lacks merit. As discussed below, we find neither prejudice to appellant nor a due process violation of appellant's rights by the post-trial processing of his case. Consequently, we conclude that it is not foreseeable that proper advice by the SJA advising the convening authority that appellant raised an allegation of legal error in his post-trial submissions would have led to a "favorable recommendation by the staff judge advocate or to corrective action by the convening authority." *Hill*, 27 M.J. at 297. Therefore, remand to the convening authority for comment by the SJA in accordance with R.C.M. 1106(d)(4) is unwarranted.

### C. *Appellant's Post-Trial Due Process Rights*

As foreshadowed above, we find, under the facts and circumstances of appellant's case, no denial of any post-trial due process rights.

Appellant's record of trial is devoid of any documented explanation regarding the dilatory post-trial processing of appellant's case. Staff judge advocates are reminded of our higher court's expectation that "convening authorities, [and] reviewing authorities . . . document reasons for delay." *Moreno*, 63 M.J. at 143. In appellant's case no such documentation occurred. Neither the SJA nor the convening authority provided any explanation, let alone justification for the post-trial processing of appellant's case, processing that exceeded *Moreno*'s 120-day Phase I and 30-day Phase II standards. As a result, we are only able to discern the following regarding the delay. Seventy days (31 March 2011 – 9 June 2011) are attributable to the military judge's authentication of the record, thirty-two of which the military judge was either traveling, in court, or authenticating other records of trial. Fourteen days (21 Jun 2011 – 5 July 2011) were days in which appellant's

---

[7] To the extent *United States v. Hutchison*, 56 M.J. 756, 759 (Army Ct. Crim. App. 2002), a pre-*Moreno* decision, can be read otherwise, it is no longer valid.

record of trial traveled via United States Postal Service from Europe to appellant in confinement at Fort Leavenworth. Ten days (5 July 2011 – 15 July 2011) are the initial ten days afforded an accused to submit matters under R.C.M. 1105. *See* R.C.M. 1105(c). Finally, twenty days (15 July 2011 – 4 August 2011) are the additional days requested by appellant to submit post-trial matters, additional time sought to "provide PV1 Arias and defense counsel with adequate time to prepare a fully documented clemency request." With regards to Phase II processing (12 Aug 2011 – 26 September 2011), the record is noticeably silent as to why it took 46 days to dispatch the record after action to this court.

While this court is able to identify discrete periods of delay associated with the post-trial processing of appellant's case accounting for 114 of the 249 days of Phase I processing, no explanation was provided that would justify the dilatory post-trial processing of appellant's case in its entirety. The first *Barker* factor, "length of the delay," and the second *Barker* factor, "reasons for the delay," favor appellant. As the *Moreno* court noted:

> Some cases will present specific circumstances warranting additional time, thus making those periods reasonable upon assessment of the *Barker* factors. But these must be justifiable, case-specific delays supported by the circumstances of that case and not delays based upon administrative matters, manpower constraints or the press of other cases.

*Moreno*, 63 M.J. at 143. Absent the justification envisioned by *Moreno*, we will not speculate regarding whether the delay was supported by legitimate reasons. The third *Barker* factor, "assertion of the right to timely review and appeal," also favors appellant, as his post-trial submission complaining about post-trial processing is sufficient to constitute a demand for timely review. *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010).

Regarding the fourth *Barker* factor, "prejudice," to include its three sub-factors, we find appellant suffered no prejudice from the post-trial processing of his case. Appellant's post-trial submission articulates no prejudice whatsoever from any delay. On appeal, appellant alleges he was prejudiced "when he missed his first opportunity for parole because the convening authority failed to take action within the appropriate time." Appellant's allegation of denied parole is nothing more than mere speculation. *E.g.*, *Moreno*, 63 M.J. at 140–141 (noting that "mere speculation" is insufficient to prevail when considering whether delay impaired an appellant's grounds for appeal or a defense in the event of reversal and retrial); *United States v. Ney*, 68 M.J 613, 617 (Army Ct. Crim. App. 2010) (absent evidence appellant would have been granted clemency or parole, assertion of prejudice from the missed opportunity to appear before the Army Clemency and Parole Board is "mere speculation"); *United States v. Kowalski*, 69 M.J. 705, 712 (C.G. Ct. Crim. App.

2010) (appellant's claim that he would have been granted parole and thus released earlier had his case been processed sooner is "speculative"). *Compare United States v. Allende*, 66 M.J. 142, 145 (C.A.A.F. 2008) (holding that appellant's affidavit averring he was denied employment as a result of his inability to obtain a timely discharge certificate is insufficient to establish prejudice), *with United States v. Jones*, 61 M.J. 80 (C.A.A.F. 2005) (prejudice established by submission of unrebutted affidavits from potential employer that appellant's ability to apply for employment was limited or precluded due to his lack of a discharge certificate).

While appellant speculates regarding a missed opportunity for parole, the government properly points out that appellant actually benefited, at least monetarily, by the processing of his case. Since the convening authority granted appellant's request to defer forfeitures, every day of post-trial processing prior to action resulted in additional money paid to appellant. Assuming *arguendo* that action occurred on 5 April 2011, meeting *Moreno*'s articulated Phase I standard, and further assuming the convening authority took the same action he took in this case, disapproving the adjudged forfeitures and granting a six-month waiver of the Article 58b, UCMJ, automatic forfeitures, appellant would have been denied 129 days of pay and allowances that he otherwise received during the period of delay from 5 April 2011 until action on 12 August 2011 (Day 120 until Day 249), because deferment ceases at action. *See* R.C.M. 1101(c)(6).

The post-trial processing of appellant's case was not "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Balancing *Barker*'s four factors, as well as any potential impact on the public's perception of the military justice system associated with the post-trial processing of appellant's case, we find appellant was not denied due process in the post-trial processing of his case.

*D. Sentence Appropriateness*

A finding of unreasonable post-trial processing but no prejudice, however, does not end this court's analysis. Article 66(c), UCMJ, requires this court to assess the appropriateness of appellant's sentence in light of any dilatory post-trial processing of his case. *Moreno*, 63 M.J. at 143; *United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *Ney*, 68 M.J. at 617. Article 66(c), UCMJ, also empowers this court to grant relief when there has been unreasonable post-trial processing, notwithstanding the absence of actual prejudice. *Tardif*, 57 M.J. at 224; *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). *See Kowalski*, 69 M.J. at 712 (finding no prejudice but granting relief under Article 66(c), UCMJ).

ARIAS—ARMY 20100973

Having considered the entire record, *Moreno*'s Phase I, II, and III standards and the presumptions therein, the lack of any documented explanation or justification by the government for the post-trial processing of appellant's case, and the particular facts and circumstances of this case, we find the sentence approved by the convening authority appropriate.

## III.  CONCLUSION

On consideration of the entire record, appellant's assignments of error, and the government's responses thereto, we conclude the findings of guilty and the sentence, as approved by the convening authority, are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court