# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist WARREN D. O'BRYANT**
**United States Army, Appellant**

ARMY 20110619

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial & recommendation)
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Ryan D. Pyles, JA (on brief).

24 July 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

ALDYKIEWICZ, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his plea, of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for 165 days, and reduction to the grade of E−1. The convening authority approved the adjudged sentence.[1]

This case is before this court for review under Article 66, UCMJ. Appellant's sole assignment of error alleges that the post-trial processing of his case was dilatory, thus warranting relief. We have considered the entire record and agree that the post-trial processing delay was excessive and unreasonable, warranting relief.

---

[1] The convening authority waived automatic forfeitures for a period of six months, effective 1 August 2011.

Appellant's general court-martial was straightforward and uncomplicated. Appellant and his wife were involved in an on-post domestic dispute which became violent. Appellant grabbed his handgun and assaulted his wife, placing it in her mouth as he straddled her prone body on their bedroom floor. She eventually fled their home, contacted law enforcement authorities, and appellant was apprehended, tried, and convicted of the assault consummated by a battery. Trial was a one-day contested court-martial ending on 18 July 2011 (Day 1). The 170-page record of trial was not authenticated until 16 March 2012 (Day 243). After authentication, it took the government an additional 84 days to take action (Day 327).[2] Appellant complained of the delayed post-trial processing in his Rule for Courts-Martial 1105 submissions.

Claims of unreasonable post-trial delay are reviewed de novo. *United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2012) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)). Staff judge advocates are again "reminded of our higher court's expectation that 'convening authorities, [and] reviewing authorities . . . document reasons for delay.'" *United States v. Arias*, 72 M.J. 501, 505 (Army Ct. Crim. App.) (quoting *Moreno*, 63 M.J. at 143). Such documentation should accompany the record of trial upon dispatch to this court following action rather than as attachments to government pleadings in opposition to *Moreno* requested relief on appeal. *See* Office of the Clerk of Court for the U.S. Army Court of Criminal Appeals, *2012 Post-Trial Handbook*, para. 2-7 (directing staff judge advocates to place a memorandum within the record of trial in order to explain "unusual delays in the case."). The former, at a minimum, indicates a conscientious concern regarding the delayed post-trial processing of an appellant's case and creates a record on current and arguably more reliable data; the latter suffers from the dangers associated with trying to reconstruct a timeline of activities months or years after the fact. When received by this court, appellant's record lacked any explanation regarding the delayed post-trial processing of his case. A memorandum for record and affidavit subsequently received as enclosures to the government's appellate brief indicate, *inter alia*, that the jurisdiction involved had both a heavy case load and manpower issues. Nothing therein, however, justifies the government taking 327 days, 296 if adjusted for defense delay, to act on a 170-page record.

The post-trial processing of appellant's case was presumptively unreasonable, exceeding 120-days from trial to action, thus triggering application of the four-factor analysis articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). After application of *Barker*'s four-factor analysis, (1) length of delay; (2) reasons for delay; (3) assertion of right to timely review and appeal; and (4) prejudice, we find no due process violation of appellant's post-trial rights. While factors one through three favor appellant, factor

---

[2] Thirty-one of the eighty-four days are attributable to defense delay in submitting clemency matters under the provisions of Rule for Courts-Martial 1105.

four does not; appellant suffered no prejudice as a result of the post-trial processing delay. Furthermore, we find no due process violation in the absence of "*Barker* prejudice." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). The post-trial processing of appellant's case was not "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Id.* Balancing the four factors, as well as any potential impact on the public's perception of the military justice system associated with the post-trial processing of appellant's case, we find appellant was not denied due process in the post-trial processing of his case. However, even in the absence of actual prejudice, this court is responsible to review the appropriateness of the sentence in light of the unreasonable post-trial processing in this case. UCMJ art. 66(c); *see Toohey*, 63 M.J. at 362–63; *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). After doing so, we find a 15-day reduction in appellant's sentence to confinement is appropriate.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for 150 days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court