# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, ALDYKIEWICZ and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Inmate JAMAAL LEWIS**
**United States Army, Appellant**

ARMY 20111166

Headquarters, U.S. Army Combined Arms Center and Fort Leavenworth
Gregory A. Gross, Military Judge
Colonel Fred P. Taylor, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

24 January 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his plea, of one specification each of mutiny, kidnapping, willful disobedience of a lawful order, damaging military property, and two specifications of assault consummated by a battery, in violation of Articles 94, 134, 90, 108, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 894, 934, 890, 908, and 928 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to confinement for four years. The convening authority approved the adjudged sentence and credited appellant with thirty days of confinement credit.

This case is before the court for review under Article 66, UCMJ. Appellant asserts three assignments of error, one of which merits discussion but no relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find that they lack merit.

LEWIS—ARMY 20111166

Appellant alleges the staff judge advocate (SJA) failed to comment on the following legal errors raised in appellant's post-trial matters, as required by Rule for Courts-Martial [hereinafter R.C.M.] 1106(d)(4): (1) dilatory post-trial processing; and (2) illegal pre-trial and post-trial punishment.[1] All of appellant's R.C.M. 1105 matters were listed in the defense's 21 May 2012 submissions under a paragraph entitled "Clemency Issues."[2]

The 23 May 2012 Addendum states in relevant part:

> You must consider all written defense submissions prior to taking action in this case . . . . The defense, in its R.C.M. 1105 matters, requests you grant clemency by reducing the sentence to confinement from forty-eight months to twenty-four months. Defense also calls into question the legal sufficiency of the finding of guilty to the Article 90 Offense of Disobeying the Lawful Command of Colonel [B]. I disagree with both assertions and recommend you approve the sentence as adjudged.

The SJA should have recognized and responded to the allegations of post-trial processing delay and illegal pre-trial and post-trial confinement as legal error. *See* R.C.M. 1106(d)(4). Ordinarily, "failure by the [SJA] to respond to an allegation of legal error . . . requires remand to the convening authority for comment by the [SJA]." *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988). However, we are "free to affirm when a defense allegation of legal error would not forseeably have led to a favorable recommendation by the [SJA] or to corrective action by the convening authority." *Id.*; *United States v. Welker*, 44 M.J. 85, 88-89 (C.A.A.F. 1996). *See also United States v. Arias,* 72 M.J. 501, 505 (Army Ct. Crim. App. 2013). The issues raised in the R.C.M. 1105 matters were thoroughly reviewed by this court, and we find them to be without merit. As such, based on the record before us, we find the legal errors raised by appellant would not have resulted in a favorable recommendation by the SJA or any corrective action by the CA.

---

[1] The SJA did identify and comment upon a third legal error raised in the defense's R.C.M. 1105 matters, specifically, that the evidence of willful disobedience of a lawful order (Charge III and its specification) is legally and factually insufficient.

[2] A clear identification of issues alleged by defense counsel to be legal error in the R.C.M. 1105 as "legal error" rather than "clemency" would make clear to the SJA and the Convening Authority the issues defense counsel posits constitute legal error.

**CONCLUSION**

The findings of guilty and the sentence are AFFIRMED.

Judge ALDYKIEWICZ and Judge MARTIN concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court