# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JUSTIN B. BUTLER**
**United States Army, Appellant**

ARMY 20110667

Headquarters, 82d Airborne Division
Gregory B. Batdorff, Military Judge
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Lieutenant Colonel John C. Lynch, JA; Major Elisabeth A. Claus, JA (on brief).

27 February 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of attempted larceny, two specifications of absence without leave, ten specifications of larceny, one specification of forgery, one specification of unlawfully carrying a concealed weapon, one specification of wrongful receipt of stolen property, and one specification of unlawfully concealing stolen property, in violation of Articles 80, 86, 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, 921, 923, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for four years, reduction to E-1, and forfeiture of all pay and allowances. The convening authority disapproved the finding of guilt for one larceny specification (Specification 3 of Charge III), but approved the remaining findings of guilt. The convening authority approved the adjudged sentence, except that he only approved thirty months confinement.

This case is before this court for review under Article 66, UCMJ. One of appellant's personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982) has merit. In particular, appellant personally submits that the staff judge advocate (SJA) provided inadequate advice in the addendum to the

staff judge advocate's recommendation to the convening authority (SJAR). We agree and grant appellant a new SJAR and action. Consequently, we need not reach appellant's other personally raised issue of post-trial delay and briefed allegation of unreasonable multiplication of charges.

## BACKGROUND

On 30 June 2011, appellant and the convening authority entered into a pretrial agreement where the convening authority agreed to disapprove any confinement in excess of thirty-six months. The SJAR, dated 22 April 2012, recommended, among other things, that the convening authority disapprove the finding of guilt to Specification 3 of Charge III, which involved a larceny of monies from the United States. The SJAR also recommended that the convening authority only approve thirty-six months confinement for appellant and otherwise approve the sentence. Over a month later, appellant submitted his clemency submissions to the convening authority pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105. In addition to requesting clemency, those submissions included an allegation of dilatory post-trial processing. In raising post-trial delay, appellant specifically referred to our superior court's decision in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006).

The SJAR's addendum, dated 9 June 2012, did not address appellant's dilatory post-trial processing claim. The addendum did, however, recommend that the convening authority approve only thirty-three months confinement – three months fewer than the SJAR originally recommended. The addendum did not explain why the SJA recommended three fewer months confinement. Neither the SJAR nor the addendum explained the principles of sentence reassessment in light of the recommendation to disapprove one of appellant's convictions. In taking action on 9 June 2012, the convening authority disapproved the findings of guilt of Specification 3 of Charge III, dismissed that specification, and approved only thirty months confinement.

## DISCUSSION

Appellant argues that the SJA's addendum should have commented on appellant's allegation of dilatory post-trial processing, which is legal error. We agree. *See United States v. Arias*, 72 M.J. 501 (Army Ct. Crim. App. 2013). Under the circumstances of this case, the SJA should have commented upon this claim of legal error. R.C.M. 1106(d)(4).

We further note a somewhat related issue arising from the SJAR and its addendum. Neither the SJAR nor the addendum provided an analytical framework for the convening authority to reassess the sentence given the recommendation to disapprove one larceny conviction. If a convening authority disapproves a finding to cure a legal error, then his action on the sentence "must be guided by the same [sentence reassessment] rules applicable to appellate authorities." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). As a consequence, the SJA is required to

provide proper legal guidance to the convening authority about sentence reassessment. *Id.* at 99–100. *See generally United States v. Sales*, 22 M.J. 305 (C.M.A. 1986); *United States v. Carroll*, 45 M.J. 604, 608 (Army Ct. Crim. App. 1997).

We hold that the SJA failed to properly advise the convening authority of his sentence reassessment responsibilities in light of the disapproved finding of guilt. "[W]here a [SJA] recommends certain curative action on the sentence, it is imperative that he [or she] make clear to the convening authority the distinction between, on the one hand, curing any effect that the error may have had on the sentencing authority and, on the other, determining anew the appropriateness of the adjudged sentence." *Reed,* 33 M.J. at 100. Further, under the facts of this case, we hold that this error was prejudicial. After receiving incomplete advice, the convening authority disapproved one finding of guilt and reduced appellant's sentence to confinement by six months. However, there is no indication that this sentence relief was for reasons of sentence reassessment or for reasons of clemency. Accordingly, we are unable to conclude that a properly prepared SJAR and addendum "would have [had] no effect on the convening authority's action."[*] *Id.* (quoting *United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988)).

## CONCLUSION

The convening authority's initial action, dated 9 June 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

---

[*] We note that although appellant has already served his term of confinement, the convening authority is not without options to provide meaningful relief for dilatory post-trial processing, if warranted. Appellant's period of confinement began on 5 August 2011 and his sentence included both adjudged and automatic forfeiture of all pay and allowances, as well as a reduction in pay grade from E-4 to E-1, which became effective on 19 August 2011. On 12 January 2012, appellant reached his Expiration of Term of Service date, changing his pay status from one entitled to military pay and allowances, but for his adjudged court-martial sentence, to "no pay due." Our remand leaves the convening authority with the option to grant a retroactive deferment of both adjudged and automatic forfeitures for the benefit of appellant. For every day of approved deferment between 19 August 2011 and 12 January 2012, appellant would be entitled to one day's pay and allowances previously forfeited at his reduced pay grade of E-1. Any related deferment of adjudged reduction in rank would result in appellant receiving a day's pay and allowances previously forfeited at his pre-trial pay grade of E-4.

BUTLER—ARMY 20110667



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court