# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOSHUA C. HUDSONCURRIER**
**United States Army, Appellant**

ARMY 20110737

Headquarters, 82d Airborne Division
Tara A. Osborn, Military Judge
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan Potter, JA; Captain A. Jason Nef, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

27 February 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of resisting apprehension and assault upon a person in the execution of law enforcement duties in violation of Articles 95 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 895, 928 (2006) [hereinafter UCMJ]. The military judge convicted appellant, contrary to his pleas, of conspiracy and aggravated assault in violation of Articles 81 and 128, UCMJ. The military judge sentenced appellant to a bad-conduct discharge, reduction to the grade of E-1, and four years confinement. The convening authority approved the adjudged sentence and credited appellant with 159 days of confinement credit.

Among appellant's assignments of error for our review under Article 66, UCMJ, is an allegation that the staff judge advocate failed to comply with Rule for Courts-Martial [hereinafter R.C.M.] 1106(d)(4) by failing to provide an opinion on whether corrective action should be taken on an allegation of legal error raised in appellant's R.C.M. 1105 post-trial matters regarding dilatory post-trial processing in violation of *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006) and *United States*

*v. Colazzo*, 53 M.J. 721 (Army Ct. Crim. App. 2000). As relief, appellant requests this court order a new review and action. Consistent with our decision in *United States v. Arias*, 72 M.J. 501 (Army Ct. Crim. App. 2013), we agree. Consequently, we need not reach appellant's personally raised issues and other briefed allegations of error.

The convening authority's initial action, dated 7 July 2012, is set aside. The record of trial will be returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court