# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, KRAUSS, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class STEPHEN C. DAVIS**
**United States Army, Appellant**

ARMY 20110330

Headquarters, 82d Airborne Division
Karin G. Tackaberry, Military Judge
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

22 May 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of one specification of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ]. Contrary to his pleas, the military judge also convicted appellant of two specifications of aggravated sexual assault and one specification of assault consummated by battery in violation of Articles 120 and 128, UCMJ (2006 & Supp. III 2010). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Additionally, the convening authority credited appellant with 277 days of pretrial confinement.

DAVIS—ARMY 20110330

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.[1] Additionally, a related issue involving the Staff Judge Advocate's (SJA) failure to comment on legal error also warrants discussion, but no additional relief.

*Background*

Appellant's general court-martial adjourned on 3 May 2011. On 23 June 2012, 417 days later, the convening authority took action. These 417 days include an initial 227 days for the government to transcribe the 399-page record of trial and then an additional 76 days before the record was received by the military judge for authentication. The military judge authenticated the record six days later, on 7 March 2012. Following the convening authority's action on 23 June 2012, another 37 days elapsed before this court received the record of trial from Fort Bragg, North Carolina on 30 July 2012. Approximately 22 months have now elapsed since that date.

In the clemency matters submitted by defense counsel on behalf of appellant pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105, in a paragraph titled "Dilatory Post-Trial Processing," defense counsel alleged the government violated the post-trial processing standards recognized by our superior court in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and by this court in *United States v. Collazo*, 53 M.J. 721 (Army Ct. Crim. App. 2000).

Despite defense counsel's specific reference to the government's dilatory post-trial processing with multiple citations to legal cases and standards, the SJA, in her addendum to the convening authority, omitted any mention of this allegation of legal error.[2] The record of trial initially provided to this court contained no explanation for the delays in processing. In its response to appellant's assignment of error before this court, the Government Appellate Division secured an affidavit from the convening authority's current chief of military justice on 19 December 2013. In his affidavit, the chief of military justice cited numerous reasons for the delays, to include court reporter shortages, a high volume of cases, efforts to process

---

[1] Appellant also personally raises several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

[2] *See United States v. Arias*, 72 M.J. 501 (Army Ct. Crim. App. 2013). In this case, any possible prejudice suffered by appellant due to the SJA's failure to comment on a legal issue raised in appellant's R.C.M. 1105 submission is fully and appropriately addressed and remedied by our resolution of the assigned error and the provided relief.

2

trials conducted at Fort Bragg through a convening authority located in Afghanistan, and challenges obtaining additional enlisted legal support due to the "all-volunteer nature of the 82d Airborne Division and the requirement to complete Airborne training."

*Dilatory Post-Trial Processing*

In *Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. at 142-43. Specifically, action of the convening authority should be taken no later than 120 days after completion of the trial; the record of trial should be docketed with this court within 30 days of the convening authority's action; and this court should render its initial decision within 18 months of receiving appellant's case. *Id.* Failure to satisfy any of these standards creates a "presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis."[3]

Here, the standard for each respective period of post-trial processing has been exceeded. Thus, the presumption of unreasonable delay has been triggered. However, despite these delays, as well as appellant's assertion of this issue in his R.C.M. 1105 matters and before this court, and the unpersuasive nature of the government's explanations[4] for its dilatory processing, appellant is still not entitled to relief pursuant to *Moreno*. Appellant has failed to demonstrate that he suffered any prejudice as a result of the delays, and we find this factor alone outweighs the first three to a degree that we can confidently conclude his due process rights were not violated as a result of the dilatory processing. Further, while the delay is excessive, it is not "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). However, this does not foreclose appellant from relief.

Even in the absence of actual prejudice from unreasonable post-trial processing, this court is still authorized to grant relief for excessive delay in our assessment of the appropriateness of appellant's sentence pursuant to Article 66(c), UCMJ. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *Collazo*, 53

---

[3] (1) length of delay; (2) reasons for delay; (3) appellant's assertion of the right to a timely review and appeal; and (4) prejudice to appellant. *Moreno*, 63 M.J. at 136-41.

[4] *See United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) ("[P]ersonnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay.").

DAVIS—ARMY 20110330

M.J. at 727. Here, a delay of nearly 14 months to process a 399-page record of trial coupled with an additional 37 days to transport the record to this court is excessive and warrants relief. Further, the 22-month period to complete appellate review before this court exacerbated the problem. As such, we provide relief in our decretal paragraph below.

*Conclusion*

The findings of guilty are AFFIRMED. After considering the entire record, appellant's assigned error, and those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for seventy (70) months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4