# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist STEVEN D. WILLIAMS**
**United States Army, Appellant**

ARMY 20120375

Headquarters, Fort Hood
Kirsten Brunson, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Schuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean Fitzgibbon, JA; Captain Timothy C. Erickson, JA (on brief).

7 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of aggravated sexual assault, one specification of wrongful sexual contact, and one specification of assault consummated by battery, in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928 (2006 & Supp. IV 2011), *amended by* 10 U.S.C. 920 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eighteen months, and reduction to the grade of E-1.[1]

---

[1] The convening authority deferred automatic forfeitures of all pay and allowances, effective 3 May 2012, until action. However, appellant reached his expiration of term of service (ETS) on 17 July 2012 and as a result was in a no-pay due status for the rest of his confinement.

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but no relief. Appellant's remaining assignment of error and matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

The record establishes that, of the 406 days of post-trial processing from sentence to action, 388 days are attributable to the government. This amounts to 286 days beyond the point where we presume unreasonable delay in post-trial processing at action. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The record further indicates appellant's record of trial lingered in the government's possession in a queue of records awaiting transcription, until finally being dispatched for contracted civilian transcription on day 314. Transcription by the contractor was completed in 9 days and subsequent post-trial processing of appellant's case was swift.

Appellant has a constitutional and statutory right to timely post-trial processing. *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 37-38 (C.A.A.F. 2003). Though we find no due process violation or prejudice as a result of the excessive delay, this court must still review the appropriateness of the sentence in light of unjustified dilatory post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 223-24 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). This court has Article 66(c) authority to grant relief for excessive post-trial delay without a showing of "actual prejudice" within the meaning of Article 59(a), if it deems relief appropriate. *Tardif*, 57 M.J. at 224.

Appellant waited to complain of excessive post-trial delay in his post-trial matters, submitted 392 days after the sentence was imposed. Though the staff judge advocate (SJA) addressed this complaint in the addendum to the original SJA recommendation and the convening authority took action within 12 days of appellant's post-trial submissions, the SJA did not explain the circumstances for the otherwise untimely action.

On appeal, the government now offers many explanations for the post-trial delay including a heavy workload, personnel shortages, medical issues, and unit operational deployments. These reasons, however, do not clarify why the government did not act sooner to enlist the assistance of civilian transcribers.

While there were explanations for the delay provided by the SJA in this case, to include the eventual use of a contracted civilian transcription firm upon approval of the contract, we are left to speculate regarding the date the contract action was initiated. Knowledge that positive steps were taken reasonably early in the processing of this case to try to solve the backlog in transcription work would have

been helpful to the appellate review of this important issue. Specificity in the explanations provided in individual cases is extremely important in assuring that the rights of appellants are protected and public trust in our military justice system is maintained.

That said, in considering the appropriateness of the sentence in light of unjustified dilatory post-trial processing, we note that appellant's request for deferment of automatic forfeitures was approved by the convening authority 13 days after the sentence was adjudged. Appellant benefitted monetarily during the post-trial processing of his case, at least until his ETS date. *Cf. United States v. Arias*, 72 M.J. 501, 506 (Army Ct. Crim. App. 2013). Despite the otherwise unreasonable dilatory post-trial processing, in light of all the circumstances, we affirm appellant's sentence.[2]

## CONCLUSION

On consideration of the entire record and the assigned errors, the findings and sentence as approved by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Appellant reached his ETS date approximately three months after being sentenced. Therefore, in order to provide meaningful relief for post-trial delay, this court would have to either reduce appellant's period of approved confinement to a period that would have ended on or before his ETS date (*i.e.*, reducing appellant's sentence from eighteen months confinement to approximately three months) or disapprove his bad-conduct discharge. The post-trial processing of this case does not warrant this relief.