# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PEDE, TOZZI, and CAMPANELLA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ANDREW J. RUH**
**United States Army, Appellant**

ARMY 20120398

Headquarters, National Training Center and Fort Irwin
Kwasi L. Hawks, Military Judge
Lieutenant Colonel Gail A. Curley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain A. Jason Nef, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Rachael T. Brant, JA (on brief).

22 September 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PEDE, Chief Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of aggravated assault, two specifications of assault consummated by battery, and one specification of child endangerment, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for thirty-four months and waived automatic forfeiture of pay and allowances for a period of six months following action.[1]  The convening authority credited appellant with 220 days of pretrial confinement credit.

---

[1] Prior to action, the convening authority also deferred appellant's automatic rank reduction and forfeiture of pay and allowances until action and waived automatic forfeitures effective the date of initial action for a period of six months.

This case is before us for review under Article 66, UCMJ.  Appellant raises two assignments of error, both of which warrant discussion but no relief.

*Mental Responsibility*

After accepting appellant's pleas of guilty, the military judge properly and prudently re-opened the providence inquiry during the sentencing phase of appellant's court-martial.  In light of a psychologist's testimony that appellant had not been in a position to make rational decisions when he committed the offenses, the providence of appellant's pleas appeared questionable.

Upon re-opening the providence inquiry, the military judge provided an appropriate opportunity, through careful questioning, for appellant to explain his state of mind under the law of mental responsibility.  Appellant adequately articulated the reasons he was competent to stand trial and mentally responsible for his crimes.  Put simply, the military judge satisfied the concerns expressed by our superior court in *United States v. Harris*, 61 M.J. 391, 398 (C.A.A.F. 2005).

Appellant made an informed plea of guilty while aware of his mental health issues precisely because the military judge re-opened the providence inquiry after the psychologist's testimony.  During the re-opened inquiry, appellant stated, "Even with the delusions I've always known right from wrong.  I've always known exactly what I was doing."  The military judge did not abuse his discretion by relying on these statements.

*Dilatory Post-Trial Processing*

Appellant was sentenced on 19 April 2012.  On 3 May 2012, at appellant's request, the convening authority deferred automatic rank reduction and forfeiture of pay and allowances until action. The government completed transcription of appellant's 338-page record of trial on 20 August 2012.[2]  The military judge, who was on terminal leave pending retirement at the time, failed to authenticate the record, despite repeated requests by the government to do so.

Eventually, on 14 November 2012, the trial counsel, sua sponte, authenticated the record.[3]  On 21 January 2013, the convening authority took action, 278 days after the sentence was adjudged.  This amounts to 157 days beyond the point at which we

---

[2] The defense counsel completed his examination of the record on 4 September 2012.

[3] The Staff Judge Advocate (SJA) signed the Recommendation of the Staff Judge Advocate (SJAR) on 19 November 2012.  The trial defense counsel submitted clemency matters on 4 January 2013.  On 18 January 2013, the SJA signed the Addendum to the SJAR.

presume unreasonable delay in post-trial processing at action. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006).

Appellant has a constitutional and statutory right to timely post-trial processing. *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 37-38 (C.A.A.F. 2003). Though we find no due process violation or prejudice as a result of the excessive delay in this case, we must still review the appropriateness of the sentence in light of unjustified dilatory post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 223-24 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). This court has Article 66(c) authority to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a), if it deems relief appropriate. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).

Our reluctance in granting relief in this case stems from the fact that the delay partially inured to the benefit of appellant. The convening authority deferred appellant's automatic rank reduction and forfeiture of pay and allowances. Consequently, "every day of post-trial processing prior to action resulted in additional money paid to appellant." *United States v. Arias*, 72 M.J. 501, 506 (Army Ct. Crim. App. 2013). Thus appellant actually benefited, at least monetarily, by the delayed processing of his case. *Id.* As such, despite the dilatory post-trial processing, we affirm appellant's sentence.

With that said, we take another opportunity to underscore the importance of SJAs personally explaining abnormalities and errors in the processing of each case, including delays. While the military judge's failure is singular and most extraordinary, it, along with any other cogent reasons for delay, simply must be documented by the SJA. *See* Office of the Clerk of Court for the U.S. Army Court of Criminal Appeals, *2012 Post-Trial Handbook*, para. 2-7 (directing SJAs to place a personally-signed memorandum within the record of trial in order to explain "unusual delays in the case."). Moreover, despite personnel shortages or heavy case-loads, SJAs must find ways to ensure the efficient administration of military justice and the protection of the rights of the accused through timely post-trial processing. Failure to do so not only puts constitutional and statutory rights of accused soldiers at risk but may erode public trust in our military justice system.

## CONCLUSION

On consideration of the entire record and the assigned errors, the findings and sentence as approved by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge CAMPANELLA concur.

RUH—20120398



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court