# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class COREY D. PORTER**
**United States Army, Appellant**

ARMY 20160253

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel John J. Merriam, Staff Judge Advocate

For Appellant:  Major Brendan R. Cronin, JA; Lieutenant Colonel John N. Maher, JA (on brief); Major Todd W. Simpson, JA; Lieutenant Colonel John N. Maher, JA (on reply brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Virginia H. Tinsley, JA; Captain Natanyah Ganz, JA (on brief).

30 January 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

FLEMING, Judge:

In this case, we hold appellant was not prejudiced by any unreasonable post-trial delay.

A panel with enlisted representation sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of assault consummated by a battery and one specification of obstructing justice in violation of Articles 128 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 928, 934 (2012).  The panel sentenced appellant to a bad-conduct discharge, twelve months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.  At action, the convening authority approved the adjudged sentence, credited appellant with thirty-nine days of confinement credit, and terminated a previously approved deferral of both appellant's reduction in rank and forfeitures in the amount of $3,850 per month.  Appellant's case is now before us under Article 66, UMCJ.  Appellant asserts eight errors; one merits discussion, none merit relief.

**BACKGROUND**

Appellant was convicted of assaulting his ex-wife, COP, by placing his hands around her neck and unlawfully grabbing her face. After finalizing their divorce earlier in the day, appellant and COP spent the evening at the same house. While there, an argument and physical altercation ensued between them resulting in COP calling civilian law enforcement and appellant's arrest. During appellant's subsequent thirty-nine days of civilian pretrial confinement, he made numerous telephone calls to a variety of people, including COP. These telephone calls formed the basis for appellant's conviction of obstruction of justice for offering COP financial support if she would request dismissal of pending civilian charges. Ultimately, a civilian trial did not occur. A court-martial did.

Appellant now asserts unreasonable post-trial delay occurred in his case. This allegation necessitates outlining the following pertinent dates. Appellant's court-martial adjourned on 13 April 2016. On 27 April 2016, the convening authority approved appellant's request to defer his rank reduction and automatic and adjudged forfeitures in the amount of $3,850 per month. On 6 October 2016, 21 October 2016, and 29 December 2016, appellant demanded speedy post-trial processing. On 25 December 2016, appellant was released from confinement. Appellant's trial defense counsel received the record of trial (ROT) for review on 13 February 2017, the military judge authenticated the ROT on 15 March 2017, and appellant received the ROT on 4 April 2017. The convening authority took action on appellant's case on 18 May 2017.

The government acknowledged, in the Addendum to the Staff Judge Advocate's Recommendation [Addendum], dated 18 May 2017, receipt of appellant's three requests for speedy post-trial processing. The government's only stated reason for the delay was, "failure of the responsible court-reporter to accurately transcribe the record in a timely manner." In a post-trial memorandum for record, the government calculated that post-trial processing took 401 days (13 days attributable to defense and 388 days attributable to the government). The government stated an "extraordinary delay" (304 days) occurred in completing the verbatim transcription.

In reviewing this alleged "extraordinary delay" in processing an 888-page transcript, an approximate four-and-a-half month span exists from adjournment until an investigation into the delay determined "the senior court reporter was derelict in her duties as a court reporter" and "[s]he was relieved of her position." After her relief, the government asserts the following resource constraints: (1) having only "two court-reporters assigned of four authorized;" and (2) "the acting senior-court reporter (civilian) inherited the transcription of [appellant's] record and was charged with completing this task in addition to transcribing her other records, any additional records that the previous senior court reporter had touched, and conducting quality

2

assurance checks on the junior court-reporter's records." Approximately five-and-a-half months elapsed between the senior court reporter's relief and the provision of the ROT to defense counsel for review.

## LAW AND ANALYSIS

### Dilatory Post-Trial Processing

Appellant alleges the approximate 388 days it took the government to complete post-trial processing of his case warrants relief either as a due process violation or under Article 66(c), UCMJ. As to a due process violation, we apply a four-factor balancing test to determine whether such presumptively unreasonable delay is, in fact, unreasonable in a given case. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citing *Barker v. Wingo*, 407 U.S. 514, 530, (1972)). The factors are: "(1) the length of the delay; (2) the reasons for the delay; (3) appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Id.* (further citations omitted). There are three relevant factors to determine prejudice: (1) preventing oppressive incarceration; (2) minimizing appellant's anxiety and concern while awaiting appeal outcome; and (3) limiting the possibility of impairing appellant's grounds for appeal. *Id.* at 138-39.

In this case, the length of the delay is substantial—268 days longer than the 120-day presumption of unreasonable delay. Second, the government had an opportunity to provide good reasons for this delay. It did not. Notwithstanding the investigation and removal of an apparently rogue senior court reporter and assertions of decreased court reporting staff, it took the government 304 days (approximately 190 days of which occurred after the senior court reporter's relief) to prepare an 888-page transcript. Further, this delay occurred in the face of appellant's three demands for speedy post-trial processing and his release from confinement. We write to express our concern with all these factors.

While the first three prongs of *Moreno* favor appellant, we are unpersuaded any prejudice exists, at bar, to warrant relief. Appellant proffers two grounds to find prejudice: (1) he did not receive "any meaningful opportunity to request that the convening authority disapprove portions of his confinement,"[1] and (2) his failure to receive a Department of Defense Form 214 placed him in financial strain.

---

[1] The date of appellant's offenses predate the amendments to Article 60, UCMJ that limited the convening authority's power to disapprove or commute certain sentences. *Compare* UCMJ art. 60 (2012 & Supp. I 2014) *with* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1702, 127 Stat. 672, 955-56 (2013).

We pause now to note appellant's first two demands for speedy trial (6 October 2016 and 21 October 2016) are mere blanket assertions of delay devoid of any explanation as to the prejudice to appellant or request for specific relief. Only appellant's third demand for speedy trial (four days after his release from confinement) asserted appellant was prejudiced because the convening authority lacked a "meaningful opportunity" to disapprove appellant's sentenced confinement. While appellant submitted and received a deferral of both automatic and adjudged forfeitures and reduction in rank from the convening authority, it appears appellant did not avail himself of a "meaningful opportunity" to request that the convening authority also defer his confinement. Although the convening authority possessed the authority to disapprove appellant's confinement, absent any documentation or affidavit to the contrary, it is mere speculation such action would have occurred.

Any assertion of financial strain because of post-trial delay is gravely undermined because the deferral of automatic and adjudged forfeitures and rank reduction resulted in appellant's receipt of $3,850 per month for several months. Appellant financially benefited from the delay because the convening authority deferred forfeitures and rank reduction until action. *See United States v. Arias*, 72 M.J. 501, 504, 506-07 (Army Ct. Crim. App. 2013) (finding no prejudice when "every day of post-trial processing prior to action resulted in additional money paid to appellant").

Under these circumstances, we find no prejudice exists as to any due process violation and decline to exercise our Article 66, UCMJ, authority to approve a lesser sentence. After a thorough review of the record and consideration of the post-trial delay, we find the sentence approved by the convening authority is appropriate.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge BURTON and Judge HAGLER concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

4