# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL A. HOSS**
**United States Army, Appellant**

ARMY 20120086

Headquarters, III Corps and Fort Hood (convened)
Headquarters, Fort Hood (action)
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial;
recommendation; first addendum)
Colonel Richard W. Rousseau, Staff Judge Advocate (second addendum)

For Appellant:  Colonel Kevin Boyle, JA; Captain Sara E. Lampro, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

19 December 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LIND, Senior Judge:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of violating a lawful general order, one specification of aggravated assault with a dangerous weapon, one specification of reckless endangerment, and one specification of negligent discharge of a firearm in violation of Articles 92, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 928, 934 (2006).  The panel sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved only five months of confinement and the remainder of the sentence as adjudged.

This case is before the court for review pursuant to Article 66, UCMJ.

### *Unreasonable Multiplication of Charges*

Appellant's sole assignment of error alleges that Specification 1 of Charge II (reckless endangerment by chambering a round in a firearm, pointing the firearm at another soldier, and squeezing the trigger), Specification 2 of Charge II (negligent discharge of a firearm), and the Specification of Charge III (violation of a lawful general order by wrongfully chambering a round in a firearm) constitute an unreasonable multiplication of charges for findings with the Specification of Charge I (aggravated assault with a loaded firearm). Appellant asks that we dismiss Specifications 1 and 2 of Charge II and the Specification of Charge III. The government concedes only that both specifications of Charge II (reckless endangerment and negligent discharge of a firearm) are an unreasonable multiplication of charges for findings with the Specification of Charge I (aggravated assault with a loaded firearm) and joins appellant in asking that we dismiss the specifications of Charge II. The government does not concede that the Specification of Charge III (violation of a lawful general order by wrongfully chambering a round in a firearm) is an unreasonable multiplication of charges for findings with the Specification of Charge I (aggravated assault with a loaded firearm).

All three charges arose from a single incident in which appellant chambered a round in his M-9 pistol, pointed the pistol at a fellow soldier's chest, and negligently discharged a single round. The round struck the soldier's chest and resulted in the soldier's paralysis from the chest down. Under the facts of this case, we accept the government's concession and will grant relief in our decretal paragraph by setting aside and dismissing Specifications 1 and 2 of Charge II. *See United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001); Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4).[1] We also note that pursuant to our superior court's recent jurisprudence, "when a 'panel return[s] guilty findings for both specifications and it was agreed that these specifications were charged for exigencies of proof, it [is] incumbent' either to consolidate or dismiss a specification." *United States v. Elespuru*, 73 M.J. 326, 329 (C.A.A.F. 2014) (quoting *United States v. Mayberry*, 72 M.J. 467, 467-68 (C.A.A.F. 2013) (summ. disp.)). In this case, the military judge asked whether the government was "essentially charging [the Specification of Charge I and both specifications of Charge II] under alternative theories," and trial counsel answered in the affirmative.

Contrary to appellant's assertion, we do not find the charge of violating a lawful general order is an unreasonable multiplication of charges for findings with the remaining aggravated assault charge. Each offense is aimed at a distinct

---

[1] The military judge merged all of the offenses for sentencing. Applying the reassessment principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are confident the panel would have adjudged a sentence at least as severe as the approved sentence.

criminal interest: the gravamen of the aggravated assault is the bodily harm actually inflicted upon the soldier that was caused by the negligent firing of a loaded firearm; the gravamen of the violation of a lawful general order for wrongfully chambering a round is the blatant disregard of an order issued by the area commander for the purposes of good order, discipline, and safety.

### *Post-trial Delay*

Appellant also personally raises additional matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion, but no relief. Appellant personally complains of excessive delay during the post-trial processing of his case and requests relief in the form of confinement credit.

Appellant was sentenced on 27 January 2012. The record of trial was 1,049 pages in length. On 8 April 2013, 437 days after completion of appellant's trial, defense counsel first received the record for review and promptly completed his errata within 7 days. The military judge received the record of trial 22 days later and completed authentication of the record within 16 days on 23 May 2013. The staff judge advocate's recommendation was prepared 47 days later on 9 July 2013. The post-trial recommendation was served on appellant on 16 July 2013. Appellant submitted his R.C.M. 1105 matters 20 days later on 5 August 2013. In his post-trial matters, appellant complained that his due process right to speedy post-trial review was violated. The first addendum was prepared 23 days later on 28 August 2013, and the staff judge advocate advised the convening authority that "because of the lengthy delay between time of trial and time of Action, I recommend you grant clemency" by reducing appellant's sentence to confinement by one month.[2] The first addendum, which contained new matter, was served on appellant on 11 September 2013. Five days later on 16 September 2013, appellant submitted a memorandum in response to the addendum. On 20 September 2013, the staff judge advocate prepared a second addendum, again recommending that appellant receive one month of clemency. The same day, the convening authority adopted the recommendation and took action in appellant's case. The record of trial was received at this court on 25 October 2013.

We review claims that an appellant has been denied his due process right to a speedy post-trial review de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Our superior court has adopted the four factor test of *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether a due process violation has occurred: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Id.*

There is a presumption of unreasonable delay when more than 120 days have elapsed between completion of an appellant's trial and action by the convening

---

[2] Appellant had already served his six-month sentence to confinement.

authority. *Id.* at 142. A similar presumption is applied where the record of trial is not received by the service court of criminal appeals within 30 days of convening authority action. *Id.* These presumptions trigger analysis of the remaining three factors. *Id.* In this case, the total post-trial processing time from sentence to action was 602 days and the record of trial was docketed with this court 35 days after action. The government did not provide either a contemporaneous explanation or an explanation on appeal for the delay. The only explanation we can find for any portion of the delay in the record is a memorandum for record written by the military judge explaining the minimal delay of 16 days to authenticate the 1,049-page record. Given the government's lack of explanation or justification for the total delay, the second factor weighs in appellant's favor. Turning to the third factor, while appellant complained of the unreasonable post-trial processing in his case, he waited to do so until he submitted his R.C.M. 1105 matters, 556 days after completion of the trial. This was the first time that appellant made any assertion of his right to speedy post-trial review. The untimely demand weighs slightly against appellant. *See id.* at 138; *see also United States v. Canchola*, 64 M.J. 245, 246 (C.A.A.F. 2007) (per curiam). While appellant asserted prejudice in his R.C.M. 1105 matters, he does not renew his claim of prejudice on appeal. Upon review of the record, we find no prejudice to appellant. Under *Moreno*, we hold appellant's due process right to speedy post-trial review was not violated.

However, even when there is no showing of prejudice, we may nonetheless find a due process violation if "in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the lengthy delay, the lack of any explanation by the government, and appellant's less than timely assertion of his right to speedy post-trial review, we hold that the post-trial delay in this case is not so egregious as to find a due-process violation under *Toohey*.[3]

Finally, we must also review the appropriateness of appellant's sentence in light of the lengthy post-trial processing. *See* UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ,

---

[3] Even assuming a due process violation under *Toohey*, we would find the error harmless beyond a reasonable doubt. *See United States v. Arriaga*, 70 M.J. 51, 56 (C.A.A.F. 2011) (citing *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006)). The convening authority, upon staff judge advocate advice, granted appellant one-month relief for dilatory post-trial processing. Appellant requests this court to afford additional confinement credit. We find that further relief is not warranted. *See United States v. Rodriguez-Rivera*, 63 M.J. 372, 386 (C.A.A.F. 2006) (even assuming a due process violation for post-trial delay, "to fashion relief that would be actual and meaningful in this case would be disproportionate to the possible harm generated from the delay. Accordingly, we conclude that no additional relief is appropriate or warranted in this case.").

service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). Upon review of the entire record, to include, *inter alia*, the lengthy post-trial delay, the lack of any documented explanation or justification by the government for the delay, the lack of timely demand for speedy trial by appellant, the clemency of one-month confinement credit granted by the convening authority, the nature and seriousness of appellant's offenses, the dismissal of Specifications 1 and 2 of Charge II, and the resulting reassessed sentence, we find appellant's reassessed sentence is appropriate. *See United States v. Garman*, 59 M.J. 677, 683 (Army Ct. Crim. App. 2003) (holding that the post-trial delay "was not so egregious under the totality of the circumstances as to render appellant's otherwise appropriate sentence inappropriate.").

## CONCLUSION

The findings of guilty of Charge II and its specifications are set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. at 15-16 and *Sales*, 22 M.J. at 307-08, we are confident the panel would have adjudged a sentence at least as severe as the approved sentence. We find this reassessed sentence is appropriate. *See* UCMJ art. 66(c). The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5