WAGNER, Senior Judge:
A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of dereliction of duty, wrongful use of methamphetamine, two specifications of wrongful use of marijuana, and two specifications of wrongful use of cocaine, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a. On 14 January 2003, the appellant was sentenced to confinement for 130 days, reduction to pay grade E-l, and a bad-eon-duct discharge. The pretrial agreement had no effect on the sentence, and, 783 days after trial, the convening authority approved the sentence as adjudged.
We have considered the record of trial, the appellant’s single assignment of error alleging excessive post-trial delay, and the Government’s response. We conclude that the findings are correct in law and fact and that there was no error materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(e), UCMJ, 10 U.S.C. §§ 859(a) and 866(c). Exercising our discretionary authority under Article 66(c), UCMJ, we believe the accused is entitled to sentence credit for excessive post-trial delay in his ease.
Post-Trial Delay
The following chronology outlines the post-trial delay in processing this 59-page, guilty plea record of trial:

DATE

DAYS ELAPSED ACTION TAKEN

14 Jan 03 Day 1 Trial & sentencing
25 Mar 03 Day 70 Authentication of record
9 Aug 04 Day 573 SJAR prepared
7 Mar 05 Day 783 CA takes action
7 Apr 05 Day 814 Record received at Navy Appellate Review Activity (ÑAMARA)
12 Apr 05 Day 819 Record docketed at Navy Marine Corps Court of Criminal Appeals (NMCCA)
28 Nov 05 Day 1,049 Appellant’s brief filed with NMCCA
27 Apr 06 Day 1,199 Government answer filed with NMCCA
We initially conduct a due process analysis in all claims of excessive post-trial delay where the delay is determined to be “facially unreasonable.” United States v. Moreno, 63 M.J. 129 (C.A.A.F.2006). If no constitutional violation is established, we then analyze the delay under our broad Article 66(c), UCMJ, mandate. United States v. Tardif, 57 M.J. 219, 224 (C.A.A.F.2002); United States v. Brown, 62 M.J. 602 (N.M.Ct.Crim.App.2005)(en banc).
We consider four factors in determining if post-trial delay violates the appellant’s constitutional right to due process: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant’s assertion of the right to a timely appeal; and (4) prejudice to the appellant. United States v. Jones, 61 M.J. 80, 83 (C.A.A.F.2005)(citing Toohey v. United States, 60 M.J. 100, 102 (C.A.A.F.2004)). If the length of the delay itself is not unreasonable, there is no need for further inquiry. If, however, we conclude that the length of the delay is “facially unreasonable,” we must balance the length of the delay with the other three factors. Id. Moreover, in extreme eases, the delay itself may ‘“give rise to a strong presumption of evidentiary prejudice.’ ” Id. (quoting Toohey, 60 M.J. at 102).
In this case, the aggregate delay of 1,199 days between the date of appellant’s trial and final briefing to this court is facially unreasonable. Also facially unreasonable are the specific delays of 503 days between au *647 thentication of the record of trial and the staff judge advocate’s recommendation, and the 210 days thereafter until the convening authority took action.
The Government offers as an explanation for the delay in taking action on the court-martial that they were experiencing manpower shortfalls in the law center responsible for post-trial review of this record, due to multiple deployments in support of operations in Afghanistan and Iraq. Recently, our superior court has stated that reasons justifying delay in post-trial processing must be “case-specific delays supported by the circumstances of that case and not delays based upon administrative matters, manpower constraints or the press of other cases.” Moreno, 63 M.J. at 143. The court provided no guidance as to whether sudden deployments and matters of national defense that create such manpower shortages would be taken into consideration in determining whether such delays are reasonable.
We believe that such consideration is demanded by the veiy nature of deployable fighting forces, especially when those forces are expected to answer the call to arms under the austere budget and manpower constraints that are a reality in our nation today. There must be recognition in the post-trial arena of the concept of “excludable delay” for good cause shown, just as it is recognized in the pretrial arena. See, Rule for Courts-Martial 707(c), Manual for Courts-Martial, United States (2005 ed.); United States v. Longhofer, 29 M.J. 22 (C.M.A.1989). On the other hand, a fighting force must be aware of its obligations to maintain a rear echelon capable of continuing with administrative matters necessary to raise, train, and equip the armed forces of our country. To date, the Government has done little to address case-specific reasons for post-trial delay.
The appellant’s case, however, represents failure on both sides of the aisle with regard to speedy post-trial processing. The trial defense counsel states that he was co-located with the review shop and inquired as to the status of his cases, to no avail. Nowhere in the record, however, do we find a written record of such inquiries and no demand for speedy review. If, as the trial defense counsel asserted in responding to the staff judge advocate’s recommendation, the appellant’s due process rights were being trampled on by Government inaction, what efforts did he employ to actively expedite Government action and thus protect those rights on behalf of his client? The record is devoid of any evidence of such effort. In regard to the third factor mentioned above, the appellant only asserted his right to a speedy review of his trial when his appellate defense counsel filed his brief with this court.
Finally, the appellant has not asserted any prejudice as a result of this delay other than trial defense counsel and appellate defense counsel blaming their inability to contact the appellant as due to the time that has elapsed since trial. We specifically reject this assertion. On 14 August 2003, the appellant signed an acknowledgement of his appellate leave orders requiring him to keep his commanding officer apprised of any change of address during the term of his appellate leave. Additionally, the appellant acknowledged this requirement in January 2003 when he submitted a request for appellate leave. Finally, in an exhaustive written advisement of his appellate rights signed by him on 14 January 2003, the appellant acknowledged that he was required to keep his counsel informed of his current address in order to receive proper representation in the post-trial process. The appellate rights statement provided him with contact information for both his trial defense counsel and appellate defense counsel. Based on the representations of the trial defense counsel and the appellate defense counsel, the appellant has failed to provide this critical information and has, apparently, initiated no contact with counsel since going on appellate leave.
Our review of the record has failed to demonstrate any prejudice to the appellant flowing from this delay, and we likewise do not find that the delay in this case is so egregious as to give rise to a presumption of prejudice. Carefully considering all four of the Jones factors listed above, we conclude that there has been no violation of the appellant’s constitutional due process guarantees.
*648 Finding no constitutional violation, we next turn to the question of whether the findings and sentence in this case should be approved under Article 66(e), UCMJ. We again consider the four factors set forth in Jones. Additionally, we consider numerous other factors, including those discussed in Brown: the length and complexity of the case (both at trial and on appeal); any evidence of gross negligence by the Government; the offenses of which the appellant has been found guilty; and the sentence adjudged.
While our Jones factors analysis remains the same as stated above, in additionally considering the non-exhaustive Brown factors we conclude that the excessive and unexplained delay in this case affects the sentence that we should approve. This is a simple, straightforward special court-martial ease. The appellant pled guilty to uncomplicated offenses, raising no legal issues at trial or on appeal, other than post-trial delay. His entire record of trial is 59 pages in length. We find gross negligence on the part of the Government in taking almost two years to complete a staff judge advocate’s recommendation and well over two years to produce a convening authority’s action.
To further exacerbate matters, the appellant’s brief for this straightforward, single assignment of error was not filed with the court for almost eight months following case docketing, and the Government brief took over four months to file. In a case where the appellant’s counsel are complaining that his due process rights are being violated by sluggish post-trial review, and in light of our superior court’s recent declaration that eighteen months is the limit of reasonableness for completing the entire appellate process for cases docketed at this court, it is unreasonable for the briefs to have taken so long in this case. Moreno, 63 M.J. at 143. We do not apply the presumptions established in the Moreno opinion, as they apply only to courts-martial completed on or after 10 June 2006. Id. at 143. Accordingly, for all the stated reasons, we believe sentence credit is warranted and will order such relief in our de-cretal paragraph.
In determining what findings and sentence should be approved in this case based on our authority under Article 66(c), UCMJ, we also consider the offenses of which the appellant stands convicted and the sentence he received. Brown, 62 M.J. at 607. In this case, the appellant was convicted, by his own admission, of continuous wrongful use of multiple illegal drugs over a five-month period of time and dereliction in the performance of his duties. The evidence at trial also established that the appellant had received nonjudicial punishment in August 2001. These are very serious offenses for which the appellant justly received a bad-conduct discharge, 130 days confinement, and reduction to pay grade E-l.
Conclusion
The findings of guilty are affirmed. Only so much of the sentence extending to a bad-conduct discharge, confinement for 90 days, and reduction to pay grade E-l is affirmed.
Judge VINCENT and Judge STONE concur.