UNITED STATES, Appellee

v.

George A. CANCHOLA Jr., Lance Corporal
U.S. Marine Corps, Appellant

No. 06-0902

Crim. App. No. 200500538

United States Court of Appeals for the Armed Forces

Decided January 4, 2007

PER CURIAM

STUCKY and RYAN, JJ., did not participate.

<u>Counsel</u>

For Appellant:  Lieutenant Richard H. McWilliams, JAGC, USN.

For Appellee:  Commander P. C. LeBlanc, JAGC, USN, and Major Brian K. Keller, USMC.

Military Judge:  P.J. Betz, Jr.


**This opinion is subject to revision before final publication.**

United States v. Canchola, No. 06-0902/MC

PER CURIAM:

At a special court-martial Lance Corporal George A. Canchola, Jr., entered guilty pleas to dereliction of duty and five specifications alleging wrongful use of a controlled substance in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a (2000).  The military judge sentenced him to a bad-conduct discharge, confinement for 130 days, and reduction to the grade of E-1.  The focus of Canchola's Petition for Grant of Review is timely post-trial processing.  Specifically, of the 1,263 days between sentencing and the decision of the United States Navy-Marine Corps Court of Criminal Appeals, it took 783 days before the convening authority acted upon the record of trial.  Canchola asserts that the Court of Criminal Appeals erred in finding he was not denied due process as a result of the post-trial delay in his case.  Finding good cause, we grant review to determine whether Canchola was denied his due process right to speedy post-trial review.[1]

---

[1] We grant review of the following issue raised by appellate defense counsel:

> WHETHER THE LOWER COURT ERRED IN ITS ASSESSMENT OF THE BARKER DUE PROCESS POST-TRIAL DELAY FACTORS WHERE:
> A.   REGARDING THE SECOND FACTOR, THE COURT DECLARED THAT THERE WOULD BE "EXCLUDABLE DELAY" FOR GOVERNMENT MANPOWER SHORTAGES;
> B.   REGARDING THE THIRD FACTOR, THE COURT HELD THAT TRIAL DEFENSE COUNSEL'S CLEMENCY REQUEST

2

### Discussion

We have evaluated Canchola's claim under the four factors of Barker v. Wingo, 407 U.S. 514, 530 (1972):  (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to timely post-trial review and appeal; and (4) prejudice.  United States v. Moreno, 63 M.J. 129, 135 (C.A.A.F. 2005); United States v. Jones, 61 M.J. 80, 83 (C.A.A.F. 2005); Toohey v. United States, 60 M.J. 100, 102 (C.A.A.F. 2004).  We agree with the Court of Criminal Appeals that the delay in this case was facially unreasonable, that Canchola did not make a timely assertion of his right to speedy review, and that Canchola has not demonstrated that he was prejudiced by the delay.  We part from the Court of Criminal Appeals' analysis, however, with respect to that court's assessment and weighing of the reasons for the delay under the second factor of the Barker analysis.

In an addendum to his post-trial recommendation, the staff judge advocate offered the following with regard to the delays in post-trial processing:

---

DID NOT SERVE TO ASSERT APPELLANT'S RIGHT TO TIMELY POST-TRIAL RELIEF; AND
C.  REGARDING THE FOURTH FACTOR, THE COURT HELD THAT APPELLANT WAS NOT PREJUDICED BY THE UNREASONABLE DELAY WHERE HIS TRIAL DEFENSE COUNSEL WAS DEPLOYED AND UNABLE TO CONTACT APPELLANT AT THE TIME CLEMENCY MATTERS CAME DUE.

United States v. Canchola, No. 06-0902/MC

> The defense counsel has addressed the post-trial delay
> in this case and asserted that his client has not
> received justice due to egregious delay.  Due to a
> number of unforeseeable events the post-trial review
> process in this case has been unusually lengthy.
> Multiple deployments by the SJA and support judge
> advocates, as well as many of the Convening
> Authorities, in support of Operation Enduring Freedom
> and Operation Iraqi Freedom, and its many follow-on
> missions, have caused severe manpower issues that have
> affected the review process.

The Court of Criminal Appeals addressed this comment as follows:

> We believe that such consideration is demanded by the
> very nature of deployable fighting forces, especially
> when those forces are expected to answer the call to
> arms under austere budget and manpower constraints
> that are a reality in our nation today.  There must be
> recognition in the post-trial arena of the concept of
> "excludable delay" for good cause shown, just as it is
> recognized in the pretrial arena.  See, Rule for
> Courts-Martial 707(c), Manual for Courts-Martial,
> United States (2005 ed.); United States v. Longhofer,
> 29 M.J. 22 (C.M.A. 1989).

United States v. Canchola, __ M.J. ___, ___ (N.M. Ct. Crim. App. 2006).

We agree that the high demands placed upon military personnel in supporting the national interests of the United States, particularly in combat or hostile environments, is an appropriate consideration when assessing the post-trial delay factors under the Barker analysis.  Where operational requirements affect post-trial processing delays, staff judge advocates and convening authorities should ensure that those reasons are documented in the record of trial.  Moreno, 63 M.J. at 143.  Reviewing courts can then weigh and balance those

4

reasons in determining whether they provide adequate explanation for any apparent post-trial delays.  However, a general reliance on budgetary and manpower constraints will not constitute reasonable grounds for delay nor cause this factor to weigh in favor of the Government.[2]  See id. at 137.

In this case the staff judge advocate's proffered explanation is too general to demonstrate that the "unforeseeable events" had a reasonably direct impact on the timeliness of post-trial processing.  In particular, after the military judge authenticated the record of trial, 503 days elapsed before the staff judge advocate's recommendation was prepared.  The post-trial recommendation is barely four pages long and contains nothing that appears to be unusual or to have warranted substantial additional preparation time.  The record upon which that recommendation is based is a fifty-nine page guilty plea.  In short, the proffered general explanation for this glaring delay in reviewing a relatively simple case does not withstand scrutiny.  We conclude that the absence of reasons

---

[2] The Court of Criminal Appeals' attempt to adopt a concept of "excludable delay" similar to that embodied in Rule for Courts-Martial 707(c) is also inappropriate.  Review and balancing of the Barker factors, as set forth in our recent appellate delay jurisprudence, provide a sufficient framework for determining whether a due process violation has occurred.  See generally United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2005); United States v. Jones, 61 M.J. 80, 83 (C.A.A.F. 2005); Toohey v. United States, 60 M.J. 100, 102 (C.A.A.F. 2004).

United States v. Canchola, No. 06-0902/MC

for the delay in post-trial processing causes this factor to weigh somewhat in Canchola's favor.

Our balancing of the Barker factors in cases where we have found no prejudice under the fourth prong will result in "a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." United States v. Toohey, 63 M.J. 353, 362 (C.A.A.F. 2006). In light of this standard, we agree with the Court of Criminal Appeals' conclusion that Canchola was not denied his due process right to timely post-trial review and speedy appeal.

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.