# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GLANVILLE[1], LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class SEAN T. HUNT**
**United States Army, Appellant**

ARMY 20120363

Headquarters, III Corps and Fort Hood
Kirsten Brunson, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

29 January 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial, convicted appellant, pursuant to his pleas, of three specifications of assault consummated by a battery and one specification of aggravated assault in violation of Article 128 Uniform Code of Military Justice, 10 U.S.C. § 928 [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirty-six months, total forfeiture of all pay and allowances, and reduction to the grade of E-1.

---

[1] Chief Judge GLANVILLE took final action on this case while on active duty.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns two errors, one of which warrants brief remark.  Though we do not find any actual prejudice to the appellant, we agree that the excessive post-trial delay in the processing of this case warrants relief.

The record and appellate filings establish that the processing time attributable to the government is 231 days from sentence to action and 31 days from action to receipt at this court.  This amounts to 111 days beyond the point where we presume unreasonable delay in post-trial processing at action and one day more than is expected for receipt of the record by this court.  *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006).  Though we find no prejudice as a result of the excessive delay, or due process violation because of egregious delay, the court must still review the appropriateness of the sentence in light of unjustified dilatory post-trial processing.  UCMJ art. 66(c).  *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 223-24 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010).

Here appellant complained of excessive post-trial delay in his Rule for Courts-Martial 1105 submissions.  The staff judge advocate addressed this complaint in the addendum to his original recommendation, but offered no explanation for the delay.  None of the delay in this case can be fairly attributed to the defense.  The record of trial is only 134 pages and the case involves charges and matters of no great complication.  At the time relevant to this case, it had been fully six years since our superior court's decision in *Moreno*.  However, as then, jurisdictions persistently fail to contemporaneously provide the explanation for post-trial delay necessary to properly administer our system of justice and meet the appropriate demand for transparency, vigilance and accountability expected.  Documented reasons for delay should be made part of the record and available for review, at all relevant times, including convening authority action.  *See United States v. Canchalo,* 64 M.J. 245 (C.A.A.F. 2007); *United States v. Arias,* 72 M.J. 501 (Army Ct. Crim. App. 2013); *United States v. Bauerbach*, 55 M.J. 501 (Army Ct. Crim. App. 2001).  The explanation provided by the government (eighteen months after action in this case) does not sufficiently justify the deficiencies in post-trial processing under the circumstances.  It is essentially a chronology without explanation of delay beyond the acknowledged fact that this jurisdiction is busy and its resources taxed.[2]  In light

---

[2] For example, there is no explanation for the fourteen days taken to deliver the completed transcript to counsel for errata review; there is no explanation for the twelve days taken to deliver the authenticated record to the III Corps Criminal Law Office for further processing; there is no explanation for the sixteen days from receipt of the record to completion of the staff judge advocate recommendation;

(continued . . .)

2

of the above, and despite the seriousness of the offenses, relief is warranted. *See United States v. Harvey*, 64 M.J. 13, 23 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 136-38; *Tardif*, 57 M.J. at 224.

The findings of guilty are AFFIRMED. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for thirty-five months, total forfeiture of all pay and allowances and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by the decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

( . . . continued)
there is no explanation for the eighteen days between receipt of the appellant's post trial matters and completion of the addendum and action; and there is no explanation for the thirty-one days it took before receipt of the record by this court. It may very well be that eighteen months after the fact it is impossible to accurately recall the reasons for delay, if any. The purpose of documenting reasons at the time is to encourage the exercise of institutional vigilance. It also ensures timely provision of explanation that will encourage accountability at the time and better assist staff judge advocates, convening authorities, and this court in resolving the matter under *Moreno* and under Article 66, UCMJ. *See Moreno*, 63 M.J. at 143.