# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 STEVEN R. THOMPSON**
**United States Army, Appellant**

ARMY 20111069

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Captain Daniel M. Goldberg, JA; Captain Michael J. Frank, JA (on brief).

30 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave terminated by apprehension, one specification of willful disobedience of a superior commissioned officer, three specifications of rape by force, two specifications of wrongful sexual contact, and one specification of forcible sodomy in violation of Articles 86, 90, 120, and 125, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 890, 920, 925 (2006 and Supp. I 2008).  The military judge sentenced appellant to a dishonorable discharge, confinement for 114 months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 149 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns one error – dilatory post trial processing.  The government concedes that the

processing in this case was slow and asks this court to grant appellant relief under Article 66(c), UCMJ, by reducing appellant's sentence by one month of confinement. We accept the government's concession and will grant relief in our decretal paragraph.[1]

In reviewing issues of excessive post-trial delay, we first look to the length of the delay. *United States v. Moreno*, 63 M.J. 129, 135-36 (C.A.A.F. 2006). In this case, there was a 377-day delay from sentence (29 November 2011) to action (10 December 2012) for the 410-page record of trial, which is facially unreasonable and triggers our analysis of the remaining *Moreno* factors. *Id.* at 142-43 (recognizing "a presumption of unreasonable delay . . . . where the action of the convening authority is not taken within 120 days of the completion of trial"). We also note that it took the government 36 days from action until this court received the record, which is 6 days past the standard set by our superior court. *Id.* at 142 (applying "a similar presumption of unreasonable delay for [cases] . . . where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action").

In the light most favorable to the government, excluding defense delay of 120 days, there was at least a 257-day delay between sentence and action. Turning to the reasons for this delay, the record contains and the government provides no explanation for the delay.[2] *Id.* at 136-38.

Reviewing the third factor, appellant belatedly asserted his right to timely post-trial review in his Rule for Courts-Martial 1105 matters submitted eight days prior to action. *Id.* at 138.

Finally, appellant has not demonstrated that he was prejudiced by the post-trial delay nor that "in balancing the other three factors, the delay [was] so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Canchola*, 64 M.J. 245, 247 (C.A.A.F. 2007) (per curiam) (quoting *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006)); *see also Moreno*, 63 M.J. at 138-41. Thus, we find there was no due process violation in this case.

---

[1] We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

[2] The record contains a chronology, not an explanation, for delay.

Though we find no prejudice as a result of the excessive delay, the court must still review the appropriateness of the sentence in light of the unexplained dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally Toohey*, 63 M.J. at 362-63. Upon review of the entire record to include the unexplained lengthy dilatory post-trial processing of appellant's case and the government's request that we grant appellant relief, we find it appropriate to set aside one month of appellant's confinement.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for 113 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Judge KRAUSS and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3