# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ARNULFO E. VELA**
**United States Army, Appellant**

ARMY 20130114

Headquarters, 1st Cavalry Division
Randall L. Fluke, Military Judge
Lieutenant Colonel James D. Levine II, Staff Judge Advocate (advice)
Colonel R. Tideman Penland, Jr., Staff Judge Advocate (recommendation)


For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Robert N. Michaels, JA; Captain Patrick A. Crocker, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Steven J. Collins, JA; Captain Benjamin W. Hogan, JA (on brief).


19 December 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of desertion and one specification of wrongful use of a controlled substance in violation of Articles 85 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1. The military judge credited appellant with two days of confinement credit against the sentence to confinement. Pursuant to a pretrial agreement, convening authority approved only so much of the sentence as provided for a bad conduct discharge, confinement for ninety days, and reduction to E-1. The convening authority also approved the confinement credit of two days.

VELA—ARMY 20130114

This case is before for review us pursuant to Article 66, UCMJ. Appellant raises one assignment of error asking this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate. We also find that matters raised personally by appellant pursuant to U*nited States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

## LAW AND DISCUSSION

The convening authority took action 352 days after the sentence was adjudged. The record in this case consists of one volume and the trial transcript is 108 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 228 days to transcribe the record in this case. Appellant submitted a speedy post-trial processing request the day after his court-martial, presumably to best afford himself of the possibility of convening authority clemency. Appellant raised the issue once again in his Rule for Courts-Martial 1105-1106 matters 316 days after his court-martial concluded. The staff judge advocate acknowledged but did not explain the delay to the convening authority. The convening authority took action 37 days later, and it took an additional month for the record to reach this court. While the government has since explained the reasons for delay, documented reasons for delay should be made part of the record and available for review, at all relevant times, including convening authority action. *See United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006) ("We expect convening authorities, reviewing authorities and the Courts of Criminal Appeals to document reasons for delay and to exercise the institutional vigilance that was absent in Moreno's case."); *see also United States v. Canchalo,* 64 M.J. 245 (C.A.A.F. 2007); *United States v. Arias,* 72 M.J. 501 (Army Ct. Crim. App. 2013); *United States v. Bauerbach*, 55 M.J. 501 (Army Ct. Crim. App. 2001).

We find that the reasons offered by the government are unreasonable under the totality of circumstances.

2

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for sixty days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings and sentence are ordered restored.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court