# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 CHE D. MIDDLETON**
**United States Army, Appellant**

ARMY 20121121

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Tania M. Martin, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA; Captain J. David Hammond, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major A.G. Courie, III, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief).

30 April 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit robbery, one specification of reckless driving resulting in personal injury, two specifications of robbery, one specification of forcible sodomy, and one specification of kidnapping, in violation of Articles 81, 111, 122, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. § 881, 911, 922, 925, 934 (2006) [hereinafter UCMJ].  Contrary to appellant's pleas, the military judge convicted appellant of one novel specification of jumping from a vehicle that was fleeing from the police and running away from the police as they were chasing him resulting in the police having to use a taser to subdue him more than one time, in violation of Article 134, UCMJ.  The military judge sentenced appellant to a dishonorable discharge, confinement for forty-two years, and forfeiture of all pay and

allowances. The convening authority approved twenty years of confinement and the remainder of the sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which requires discussion and relief. Specifically, appellant requests appropriate relief to remedy the dilatory post-trial processing in his case. We agree that relief is appropriate. We also find the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

The convening authority took action 567 days after the sentence was adjudged. The record in this case consists of two volumes and the trial transcript is 217 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. *See* UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see also United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The staff judge advocate signed the recommendation 218 days after the military judge authenticated the record. Appellant raised the issue of dilatory post-trial processing in his clemency submission. The staff judge advocate acknowledged but did not explain the delay to the convening authority. While the government has since explained the reasons for delay, documented reasons for delay should be made part of the record and available for review at all relevant times, including convening authority action. *See United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006) ("We expect convening authorities, reviewing authorities and the Courts of Criminal Appeals to document reasons for delay and to exercise the institutional vigilance that was absent in Moreno's case."); *see also United States v. Canchalo,* 64 M.J. 245 (C.A.A.F. 2007); *United States v. Arias,* 72 M.J. 501 (Army Ct. Crim. App. 2013); *United States v. Bauerbach*, 55 M.J. 501 (Army Ct. Crim. App. 2001).

We find the reasons offered by the government are unreasonable under the totality of circumstances.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm

2

only so much of the sentence as extends to a dishonorable discharge, confinement for nineteen years and eleven months, and forfeiture of all pay and allowances. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings and sentence, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court