# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class CHRISTOPHER S. WILLHAUS**
**United States Army, Appellant**

ARMY 20130146

Headquarters, 1st Cavalry Division
Gregory A. Gross and James L. Varley, Military Judges
Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major A.G. Courie, III, JA; Major John K. Choike, JA; Captain Jaclyn E. Shea, JA (on brief).

11 May 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a lawful general order, fleeing apprehension, reckless operation of a vehicle, and wrongfully communicating a threat, in violation of Articles 92, 95, 111, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 895, 911, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for eight months. Pursuant to a pretrial agreement convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for seven months.[1]

This case is before for review us pursuant to Article 66, UCMJ. Appellant raises one assignment of error which warrants comment and relief.

---

[1] Prior to action, the convening authority granted appellant's request for deferral of automatic forfeitures until action.

WILLHAUS —ARMY 20130146

Appellant requests appropriate relief to remedy the dilatory post-trial processing in his case. We agree that relief is appropriate.

**LAW AND DISCUSSION**

Subtracting delay attributable to the defense in this case, the convening authority took action over a year past the date sentence was adjudged. The record in this case consists of two volumes and the trial transcript is 250 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 261 days to transcribe the record in this case. Appellant raised the issue of dilatory post-trial processing in his Rule for Courts-Martial 1105-1106 matters. The staff judge advocate acknowledged but did not explain the delay to the convening authority. While the government has since explained the reasons for delay, documented reasons for delay should be made part of the record and available for review at all relevant times, including convening authority action. *See United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006) ("We expect convening authorities, reviewing authorities and the Courts of Criminal Appeals to document reasons for delay and to exercise the institutional vigilance that was absent in Moreno's case."); *see also United States v. Canchalo,* 64 M.J. 245 (C.A.A.F. 2007); *United States v. Arias,* 72 M.J. 501 (Army Ct. Crim. App. 2013); *United States v. Bauerbach*, 55 M.J. 501 (Army Ct. Crim. App. 2001).

We find that the reasons offered by the government are unreasonable under the totality of circumstances.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as extends to a bad-conduct discharge, and confinement for six months. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings and sentence are ordered restored.

2

WILLHAUS —ARMY 20130146

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court