# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, COOK, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOSHUA R. KITTELMANN**
**United States Army, Appellant**

ARMY 20120542

Headquarters, III Corps and Fort Hood (convened)
Headquarters, Fort Hood (action)
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Richard W. Rousseau, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Steven J. Collins, JA; Captain Carling M. Dunham, JA (on brief).

29 May 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of possession of child pornography in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2006). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve months, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ. We have examined appellant's assignments of error, and find one of the assigned errors alleging excessive post-trial delay in the processing of this case—both prior to and after action—warrants relief.

Appellant was sentenced on 30 May 2012. He first complained of excessive post-trial delay in a memorandum from his defense counsel on 10 April 2013. On 12 June 2013, initial transcription of the record of trial was completed. The military judge received the record of trial on 20 June 2013 and completed authentication on 15 July 2013. On 16 July 2013, the court reporter sent the record of trial to the post-trial section of the criminal law office "for further post-trial processing." The record of trial was mailed to appellant on 20 August 2013, and received by him on 24 August 2013. The staff judge advocate (SJA) signed the recommendation on 20 September 2013. Appellant again raised post-trial delay as legal error in his initial Rule for Courts-Martial [hereinafter R.C.M.] 1105 submissions initially submitted on 23 October 2013. Appellant submitted amended R.C.M. 1105 matters on 1 November 2013. On 7 November 2013, the SJA addressed this legal error in the addendum, opined there was no due process violation from the delay, and recommended no corrective action or clemency. The convening authority took action the same day. This court received the record of trial on 3 January 2014. There was no contemporaneous explanation for any of the delay. The record of trial is 249 pages. On appeal, government appellate counsel moved to attach affidavits from the Senior Installation Court Reporter and the Chief of Justice, dated November 2014, to explain the delay.

The total post-trial processing time in appellant's case is 526 days from sentence to action and 57 days from action to receipt by this court. This amounts to 406 days beyond the point where we presume unreasonable delay in post-trial processing at action and 27 days more than is expected for receipt of the record by this court. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (recognizing a presumption of unreasonable delay in cases where action is not taken within 120 days of the completion of trial and where the record of trial is not docketed at this court within 30 days of action). This facially unreasonable delay triggers our review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. 63 M.J. at 135-36.

Turning to the second factor—reasons for the delay—much of the delay in this case, 378 days, occurred during transcription. The explanation by the Senior Installation Court Reporter described the personnel and heavy case-load challenges faced by the Office of the Staff Judge Advocate (OSJA) during the transcription of appellant's case. Our superior court has held "that personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). However, as noted by the Senior Installation Court Reporter's affidavit, the SJA sought to mitigate this transcription backlog by seeking outside court-reporter assistance. The transcription in appellant's case was completed by a court reporter at Fort Bragg.

Only 29 days are attributable to the defense: 20 days for the defense's request for an extension of time to submit post-trial matters and 9 days for the defense to

submit amended post-trial matters. The Chief of Justice also stated in his affidavit that the addendum was originally drafted 5 days after appellant initially submitted his post-trial matters, but had to be re-drafted after he submitted amended post-trial matters. The re-drafted addendum was signed 6 days after receipt of appellant's amended post-trial matters. The rest of the time rests on the government's shoulders.

Even assuming the OSJA had a sense of urgency during the transcription process, and even if the 6 days between appellant's submission of his amended post-trial matters and the signing of the re-drafted addendum is reasonable, there is still no explanation for the other periods of excessive delay. There is no explanation for the 25 days the military judge took to authenticate the record of trial; no explanation for the 35 days between the post-trial paralegal's receipt of the authenticated transcript and the mailing of the ROT to appellant; no explanation for the 28 days between receipt of the ROT by appellant and the signing of the SJAR; and no explanation for the 57 days it took between action and receipt of the record by this court.

The explanations that the government provided from the OSJA are dated over a year after action was taken. Although *Moreno* was decided more than seven years ago, we continue to review routine records of trial where the SJA fails to contemporaneously provide explanations for post-trial delay necessary to demonstrate that the OSJA is tracking post-trial processing of cases and understands the need for transparency, a sense of urgency, and accountability for excessive post-trial delay. Documented reasons for delay should be made part of the record and available for review, at all relevant times, including convening authority action. *See Moreno*, 63 M.J. at 143; *see also United States v. Canchola*, 64 M.J. 245, 247 (C.A.A.F. 2007) (per curiam); *United States v. Arias*, 72 M.J. 501, 505 (Army Ct. Crim. App. 2013); *United States v. Bauerbach*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001).

The purpose of contemporaneously documenting the reasons for the delay is to demonstrate the SJA is aware of the excessive post-trial delay and is taking steps to ameliorate the reasons for the excessive delay. The requirement for a timely explanation for excessive post-trial delay encourages accountability, but also assists SJAs, convening authorities, and this court in resolving post-trial delay claims under *Moreno* and Article 66, UCMJ. *See Moreno*, 63 M.J. at 143.

Turning to the third factor, appellant twice asserted his right to speedy post-trial review. Finally, though we find no prejudice as a result of the excessive delay and no due process violation resulting from egregious delay, we review the appropriateness of the sentence in light of unjustified dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F.

KITTELMANN—ARMY 20120542

2002). We conclude in light of the facts described above—and despite the seriousness of the offense of which appellant stands convicted—relief is warranted under Article 66(c), UCMJ. *See Tardif*, 57 M.J. at 224.

## CONCLUSION

The findings of guilty are AFFIRMED. After consideration of the entire record, including the unreasonable and unexplained post-trial delay, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for ten months, and reduction to the grade of E-1. *See* UCMJ art. 66(c). All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge COOK and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court