# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, TOZZI, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL S. MARTINEZ**
**United States Army, Appellant**

ARMY 20130195

Headquarters, III Corps and Fort Hood
Gregory Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Richard W. Rousseau, Staff Judge Advocate (recommendation)
Colonel Tania M. Martin, Staff Judge Advocate (addendum)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee: Major A.G. Courie III, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief).

29 June 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 920 (2012). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for seven months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ. We have examined appellant's assignments of error and find one of the assigned errors alleging excessive post-trial delay warrants discussion and relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

Appellant was sentenced on 4 March 2013. He twice complained of excessive post-trial delay through memoranda from his defense counsel on 16 April 2013 and 17 January 2014. Initial transcription of the seventy-five page record of trial was completed on 29 August 2013. After errata and authentication, the record of trial was mailed to appellant on 4 October 2013, but was returned as undeliverable to the Office of the Staff Judge Advocate (OSJA) on or about 28 January 2014. The government mailed the record to a new address appellant provided. The staff judge advocate's recommendation (SJAR) was signed on 10 February 2014 and mailed to appellant on 13 February 2014. Appellant raised post-trial delay as legal error for a third time in his Rule for Courts-Martial [hereinafter R.C.M.] 1105 submissions on 12 March 2014. The SJA noted the delay in the addendum on 19 March 2014, expressed the belief that there was no due process violation, and did not recommend any corrective action. The convening authority took action the same day. This court received the record of trial on 22 April 2014. There was no contemporaneous explanation for any aspect of the delay. On appeal, government appellate counsel moved to attach affidavits from the Senior Installation Court Reporter and the Chief of Justice, dated 5 May 2014, to explain the delay.[1]

The total post-trial processing time in appellant's case is 380 days from sentence to action and 34 days from action to receipt by this court. This is 260 days beyond the point where this court presumes unreasonable delay in post-trial processing between sentence and action and 4 days beyond what is expected for receipt of the record of trial by this court. *See Moreno*, 63 M.J. at 142 (recognizing a presumption of unreasonable delay in cases where action is not taken within 120 days of the completion of trial and where the record of trial is not docketed at this court within 30 days of action). This facially unreasonable delay triggers our

---

[1] Disconcertingly, the explanations the government provided from the OSJA are dated over a year after action was taken. Despite our superior court's and this court's repeated admonitions, we continue to review records of trial where the SJA fails to contemporaneously provide explanations for post-trial delay. Documented reasons for delay should be made part of the record and available for review, at all relevant times, including convening authority action. *See United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Canchola*, 64 M.J. 245, 247 (C.A.A.F. 2007) (per curiam); *United States v. Arias*, 72 M.J. 501, 505 (Army Ct. Crim. App. 2013); *United States v. Bauerbach*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001). These explanations are necessary to demonstrate that the OSJA is tracking post-trial processing of cases and understands the need for transparency, timeliness, and accountability for excessive post-trial delay. The requirement for a timely explanation for post-trial delay not only encourages accountability, but also assists SJAs, convening authorities, and this court in resolving such claims under *Moreno* and Article 66, UCMJ. *See Moreno*, 63 M.J. at 143.

review of the remaining *Moreno* factors: reasons for the delay; timely assertion of the right to speedy post-trial review; and prejudice. *Id.* at 135-36.

The bulk of the delay in this case, 178 days, occurred during transcription. The explanation by the Senior Installation Court Reporter outlined personnel challenges faced by the Office of the Staff Judge Advocate (OSJA) during the transcription of appellant's case in combination with a heavy work load. Our superior court has held that "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011).[2] There is no explanation provided by the government for the delay in preparing the SJAR. The fact that the record remained unclaimed and ultimately was returned as undeliverable does not justify the government waiting *over four months* to proceed with the post-trial processing in appellant's case. The reasons for the delay weigh in favor of appellant.

The third factor also weighs in appellant's favor because appellant thrice asserted his right to speedy post- trial review. Turning to the fourth *Moreno* factor, appellant fails to demonstrate prejudice. Although we find no due process violation after consideration of the *Moreno* factors, we review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c). *See Moreno*, 63 M.J. at 138-42; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record—and despite the seriousness of the offense of which appellant stands convicted—we conclude relief is warranted under Article 66(c), UCMJ, for the unreasonable and unexplained post-trial delay. *See Tardif*, 57 M.J. at 224.

**CONCLUSION**

The findings of guilty are AFFIRMED. The court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for five months, forfeiture of all pay and allowances, and reduction to the grade of E-1. *See* UCMJ art. 66(c). All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

---

[2] Nonetheless, we recognize the OSJA's attempts to mitigate the transcription backlog by seeking outside court-reporter assistance from both a civilian transcription firm and court reporters working in support of the military commission system. The transcription of this case was completed by a court reporter from the military commissions who was assigned to assist with the Fort Hood transcription backlog.

Senior Judge LIND and Senior Judge TOZZI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court