# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class DYLAN T. BJUGSTAD
## United States Air Force

## ACM 38630

## 30 September 2015

Sentence adjudged 6 November 2013 by GCM convened at Holloman Air Force Base, New Mexico. Military Judge: Grant L. Kratz (arraignment) Lynn Watkins (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 2 years, and reduction to E-1.

Appellate Counsel for the Appellant: Major Thomas A. Smith.

Appellate Counsel for the United States: Captain Richard J. Schrider and Gerald R. Bruce, Esquire.

Before

MITCHELL, HECKER, and DUBRISKE
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Judge:

A military judge sitting alone as a general court-martial convicted Appellant, according to his plea, of one specification of possessing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The judge sentenced Appellant to a dishonorable

---

[1] Appellant pled not guilty to an additional charge and specification alleging distribution of child pornography through his use of peer-to-peer software. After hearing evidence, the military judge found Appellant not guilty of this offense.

discharge, two years of confinement, and reduction to E-1. The convening authority approved the sentence as adjudged.[2]

Appellant, through counsel, alleges two assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). He contends trial counsel made an inappropriate sentencing argument by using Appellant's sex offender registration as justification for a dishonorable discharge. Additionally, Appellant argues this court should set aside his dishonorable discharge due to post-trial processing delays on the part of the Government.

For the reasons discussed in more detail below, we grant Appellant limited sentencing relief for excessive post-trial processing delays in this case.

*Trial Counsel's Sentencing Argument*

Appellant first alleges trial counsel erred during sentencing when he made the following argument to the military judge as he was discussing the appropriateness of a punitive discharge:

> As [Appellant] said in his own unsworn, he is going to be a registered sex offender. We do not keep registered sex offenders in the United States Air Force. What we do with registered sex offenders, someone who is guilty of possessing the horrible images that he had on his computer . . . we kick them out of the Air Force with a dishonorable discharge.

Appellant's defense team raised no objection to this portion of trial counsel's argument.

Whether argument is improper is a question of law we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citing *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011)). In applying the law to the facts of a case, however, trial counsel's comments must be examined in context of the entire court-martial. *United States v. Carter*, 61 M.J. 30, 33 (C.A.A.F. 2005). The failure of trial defense counsel to object to argument constitutes forfeiture of the issue on appeal absent plain error. *See* R.C.M. 919(c); *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007). To establish plain error, Appellant must prove: (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *Marsh*, 70 M.J. at 104 (quoting *Erickson*, 65 M.J. at 223).

---

[2] Pursuant to Appellant's request, the convening authority did defer and waive forfeitures for the maximum benefit of Appellant's spouse.

Sex offender registration remains a collateral consequence to a conviction and therefore operates independently from the sentence adjudged at a court-martial. *United States v. Talkington*, 73 M.J. 212, 216–17 (C.A.A.F. 2014). Thus, in referencing this collateral consequence while discussing the need for a punitive discharge, trial counsel opened his argument to appellate scrutiny.

In this case, however, we need not address whether error existed as we are convinced the sentencing argument did not materially prejudice a substantial right of Appellant. Appellant was sentenced by a military judge alone, and we presume the military judge recognized the collateral nature of sex offender registration. *See Erickson*, 65 M.J. at 225 (presuming that a military judge is able to distinguish between proper and improper sentencing argument). Moreover, given the serious nature of Appellant's misconduct and the fact that his adjudged sentence is not inappropriately severe, we are confident Appellant was sentenced on the basis of the evidence alone and that trial counsel's argument did not impact the military judge's imposition of a sentence in this case. *See United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013).

*Post-Trial Processing Delays*

Appellant also argues the 234-day period between the conclusion of trial and the convening authority's action warrants this court disapproving his dishonorable discharge. Under *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), there is a presumption of unreasonable delay when the convening authority does not take action within 120 days of the conclusion of the trial. In requesting relief, Appellant argues he suffered particularized anxiety based on the fact he could have been released from confinement and required to register as a sex offender before the convening authority took action in his case.

We review de novo an appellant's claim that he has been denied the due process right to a speedy post-trial review and appeal. *Id.* at 135. Because the 234-day delay in this case is facially unreasonable under *Moreno*, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) Appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135.

In balancing the *Barker* factors, the length of delay and reasons for delay weigh in favor of Appellant. Conversely, given Appellant's brief to this court was his first assertion of untimely post-trial processing, the third factor cuts "slightly" against Appellant. *See United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2014).

The fourth factor—prejudice—weighs heavily against Appellant. *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration, (2) anxiety and concern, and (3) impairment of ability to present a defense

at a rehearing. *Moreno*, 63 M.J. at 138–39. None are present in this case. Given the court's ruling on the substantive claim of error above, Appellant cannot establish he suffered oppressive incarceration pending appeal. *See id.* at 139. Furthermore, while Appellant alleges he suffered "particularized anxiety" while waiting for the convening authority to take action, he cannot show he was prejudiced by the delay as he is still subject to sex offender registration after this appeal. *See Arriaga*, 70 M.J. at 58.

In cases where there is no finding of prejudice, appellate courts will only find a due process violation when, in balancing the other three *Barker* factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system. *Id.* at 56 (citing *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006)). Having considered the totality of the circumstances and the entire record, we find the post-trial delay in this case is not so egregious as to adversely affect the public's perception of fairness and integrity of the military justice system. We are also convinced that any error in this case is harmless beyond a reasonable doubt.

A finding of harmless error does not end the inquiry, as we may grant sentence relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c), even when we find no prejudice in unreasonable post-trial delays. *United States v. Tardif,* 57 M.J. 219 (C.A.A.F. 2002). However, "[a]ppellate relief under Article 66(c) should be viewed as the last recourse to vindicate, where appropriate, an appellant's right to timely . . . review." *Id.* at 225.

In *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for excessive post-trial delay when there is no showing of prejudice. Those factors include how long the delay exceeded appellate review standards, the reasons noted by the government for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to Appellant or the institution, the goals of justice and good order and discipline, and, finally, whether the court can provide any meaningful relief given the passage of time. *Id.* No single factor is dispositive and we may consider other factors as appropriate. *Id.*

In *Gay*, we granted relief when the convening authority took action 141 days after sentence was announced and docketing with this court was 112 days after action. In this case, sentencing occurred on 6 November 2013, and action was completed on 28 June 2014—234 days later. The Government seeks to justify the delay by reasoning: (1) the Army court reporter who was detailed to the court-martial was presumptively busy and (2) the Army court reporter prepared the record of trial in a manner different than Air Force practice.

As it appears from the record of trial that a contracted, presumably civilian, court reporter actually completed the trial transcript, we find no fault with our sister service

court reporter's handling of the case. Once the court closed on 6 November 2013, and the trial recording was provided to the base legal office, it appears the Army court reporter did not have any other involvement with the case until she received the transcribed record in mid-March 2014. She signed the attestation on 21 March 2014, and the military judge certified the accuracy of the transcript only two days later.

We do, however, find some fault in the Government's inability to comply with established post-trial processing deadlines in this case. The record is silent as to why the contracted court reporter took so long to transcribe a relatively simple 205-page record of trial. Similarly, and of more concern, there is no justification for the 68 days that passed between authentication and the preparation of a brief Staff Judge Advocate's Recommendation. *See Tardif*, at 225 ("[C]ounsel at the trial level are well-situated to protect the interest of their clients by addressing post-trial delays before action by the convening authority."); *Moreno*, 63 M.J. at 143 (noting justifiable, case-specific reasons for delays should be documented and made part of the record, to be available for review); *see also United States v. Canchola*, 64 M.J. 245, 247 (C.A.A.F. 2007) (per curiam).

This lack of explanation for the delay, when coupled with its excessive length, weighs heavily in favor of Appellant. Based on our review of the entire record, we conclude sentence relief under Article 66, UCMJ, is warranted and that setting aside the portion of the sentence reducing Appellant from Airman to Airman Basic is an appropriate remedy in this case. We, therefore, affirm a sentence to a dishonorable discharge, two years confinement, and reduction to Airman (E-2).

*Conclusion*

The approved findings and sentence, as modified, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[3] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence, as modified, are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[3] The court notes the Staff Judge Advocate's Recommendation and its Addendum failed to discuss the military judge's clemency recommendation regarding waiver of automatic forfeitures. As defense counsel highlighted the judge's recommendation in a post-trial submission to the convening authority, and the convening authority eventually waived automatic forfeitures to the maximum extent possible, we direct no corrective action on this issue as Appellant suffered no material prejudice.